Jordan T. Smith, Esq., Bar No. 12097
JTS@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada  89101
Telephone:  702.214.2100

*Counsel for Defendants Flux Power Holdings, Inc.,
and Ronald F. Dutt*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ASFA KASSAM, individually and behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FLUX POWER HOLDINGS, INC., RONALD F. DUTT, and CHARLES A. SCHEIWE,<br><br>Defendants. | Case No.: 2:24-cv-02051<br><br>**DEFENDANTS FLUX POWER HOLDINGS, INC., AND RONALD F. DUTT'S UNOPPOSED MOTION TO TRANSFER PLAINTIFF'S CLASS ACTION COMPLAINT** |

## INTRODUCTION

Defendants Flux Power Holdings, Inc. ("Flux") and Ronald F. Dutt respectfully request that the Court grant this unopposed motion to transfer the above-captioned securities class action because the District of Nevada has no meaningful connection to this action.  Indeed, the sole basis for Plaintiff's filing in Nevada appears to be Flux's incorporation in the state, a connection that is insufficient to justify venue when balanced against the significant ties this case has to California. And Plaintiff has confirmed she does not oppose this motion.[1]

Flux is headquartered in southern California, where it conducts most of its operations.  All individual defendants reside in California, and the alleged conduct giving rise to this action

---

[1] It is the understanding of the undersigned counsel for Flux and Mr. Dutt that Mr. Scheiwe has not yet retained counsel in this action.  Flux and Mr. Dutt are proceeding with the filing of this motion to transfer to avoid further delay in the filing of the motion prior to the submission of lead plaintiff filings.

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

1

occurred there.  Moreover, the Plaintiff—Asfa Kassam—does not reside in Nevada, and there are no allegations that any relevant events or witnesses are connected to Nevada.  By contrast, the Southern District of California is the natural and most convenient forum for this dispute, where witnesses, documents, and parties are located.

Transfer would promote the interests of justice and an efficient resolution of this matter, while sparing the parties the unnecessary burdens and expenses of litigating in an unrelated forum. For these reasons, and as further demonstrated below, transfer to the Southern District of California is warranted under 28 U.S.C. 1404(a).

## BACKGROUND

Defendant Flux is a publicly traded company that "designs, manufactures, and sells advanced lithium-ion energy storage solutions for electrification of a range of industrial and commercial sectors including material handling, airport ground support equipment (GSE), and stationary energy storage."  *See* ECF No. 1 ("Compl.") ¶ 7.  It is incorporated in Nevada and has its principal place of business in Vista, California.  *Id.* ¶ 8; *see also* Royal Decl. ¶¶ 2-3.  Flux has around 130 employees, nearly all of whom are based in Southern California.  *Id.* ¶ 4.  It has no offices in Nevada.  *Id.* ¶ 5.  Flux's headquarters in Vista, California is the primary locus of corporate decisionmaking.  *Id.* ¶ 3.  Its executive management team—including its Chief Executive Officer and Chief Financial Officer—all work at Flux's California headquarters and reside nearby.  *Id.* ¶¶ 3, 6.  No current member of Flux's executive management team resides in Nevada.  *Id.* ¶ 5.  Financial and operational results, like billing and revenue, are calculated at the California headquarters.  *Id.* ¶ 3.  Flux's corporate disclosures and SEC filings are drafted, approved, and issued there.  *Id.*

Defendant Ronald F. Dutt is Flux's CEO.  Compl. ¶ 9; *see also* Royal Decl. ¶¶ 3, 6.  He lives in Southern California.  Royal Decl. ¶ 6.  Defendant Charles A. Scheiwe was Flux's CFO until March 1, 2024.  Compl. ¶ 9; *see also* Royal Decl. ¶ 7.  Mr. Scheiwe lives in Southern California. *Id.*

Plaintiff's putative class action complaint purports to plead federal claims for violations of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, as well as Section 20(a) of the Exchange Act.  Compl. ¶¶ 70-84.  The Complaint alleges that Flux and its CEO and former

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

CFO were responsible for purportedly false and misleading statements in Flux's public filings. *See id.* 17-53. Specifically, Plaintiff alleges that the filings "overstated [Flux's] inventory, gross profit, current assets, total assets, and understated cost of sales and net loss." *E.g.*, *id.* ¶¶ 21, 26. The purportedly misleading statements also involved "the Company's internal control over financial reporting." *E.g.*, ¶ 22. The putative class would be a geographically dispersed nationwide class "consisting of all persons other than defendants who acquired the Company's securities publicly traded on NASDAQ during the Class Period, and who were damaged thereby." *Id.* ¶ 61.

<b>ARGUMENT</b>

## I.    Legal Standards

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. 1404(a). In the Ninth Circuit, a court may grant a motion to transfer if it finds that (i) the action "might have been brought" in the transferee forum, and (ii) the "convenience of the parties and witnesses in the interest of justice favor transfer." *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

## II.    The Southern District Of California Is A Proper Forum

This action could have been brought in the Southern District of California. Federal law provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). For purposes of venue, a corporate defendant resides in any district where it is subject to personal jurisdiction. *Id.* § 1391(c)(2), (d). Similarly, when a plaintiff alleges claims under the Securities Exchange Act of 1934, venue is available in any district "wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa(a).

Flux's principal place of business and corporate headquarters are in Vista, California. Compl. ¶ 8; Royal Decl. ¶ 3. Mr. Dutt and Mr. Scheiwe reside in Southern California. *See* Royal Decl. ¶¶ 6-7. Because all defendants reside within the Southern District of California, it would be a proper venue. *See, e.g.*, *In re Galectin Therapeutics, Inc. Sec. Litig.*, 2015 WL 260881, at *3 (D. Nev. Jan. 21, 2015) (venue is proper where corporation is headquartered).

3

### III. The Convenience Of Parties And Witnesses Strongly Favors Transfer

Not only could this action have been brought in the Southern District of California—it should have been brought there and should proceed there.

Determining whether transfer would serve the convenience of the parties and witnesses involves weighing various private interest factors "according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The private interest factors include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498-99.

Here, the parties' and witnesses' contacts with the forum, the connection between Plaintiff's cause of action and the chosen forum, and the ease of access to sources of proof all strongly favor transfer, while the other factors are neutral.

#### A. The Southern District of California is More Convenient for Parties and Witnesses

The convenience of the parties is a compelling factor where, as here, all defendants are located another district. That is because "trials in securities class actions focus almost entirely on defendants' conduct." *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 405 (S.D.N.Y. 1998). On the other hand, when a plaintiff is not in a forum, his "convenience is not a factor in determining whether [one forum] or [another] would be … more convenient." *City of Pontiac Gen. Emps. Ret. Sys. v. Dell Inc.*, 2015 WL 12659925, at *5 (S.D.N.Y. Apr. 30, 2015); *see also In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 169 (E.D.N.Y. 2006) (When "none of the lead plaintiffs resides in New York, they cannot claim that New York is the more convenient forum for them.").

Nevada's connection to the parties here is minimal. Flux is a Nevada corporation, *see* Compl. ¶ 8, "but that is where the connection to this forum ends," *Galectin Therapeutics*, 2015 WL

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

260881, at *5. Neither the Plaintiff nor the individual defendants reside in Nevada; indeed, Mr. Dutt and Mr. Scheiwe reside within the Southern District of California. *See* Royal Decl. ¶¶ 6-8. And "[b]ecause this case involves the alleged violation of federal securities laws by a publicly-traded company, the [other putative class] plaintiffs will presumably be located all over the country." *Galectin Therapeutics*, 2015 WL 260881, at *3. The probable location of these "geographically dispersed" putative class members indicates that Nevada would not be more convenient than California. *See id.*

California would also be a more convenient forum for the potential witnesses. "The convenience of the witnesses is usually the most important factor to consider in deciding whether to transfer an action." *Galectin Therapeutics*, 2015 WL 260881, at *4 (quotation omitted). Yet defendants are unaware of any witnesses located in this District. *See* Royal Decl. ¶ 9. The Flux employees who prepared the statements challenged by Plaintiff operated in California, *see id.* ¶ 3, and "all other employees that may potentially assist with this litigation are likewise located in" California, *see Galectin Therapeutics*, 2015 WL 260881, at *3. The Southern District of California would be a more convenient forum for parties and witnesses.

### B. The Locus of Operative Facts Favors Transfer

Assessing the contacts between Plaintiff's cause of action and the chosen forum is easy: There are no such contacts because none of the operative facts occurred in Nevada. The operative facts underlying Plaintiff's claims all occurred in the Southern District of California.

"In securities fraud actions," alleged "misrepresentations and omissions are deemed to 'occur' in the district where they are transmitted or withheld, not where they are received." *Galectin Therapeutics*, 2015 WL 260881 (quotation omitted); *see also City of N. Miami Beach Police Officers' & Firefighters' Ret. Plan v. Nat'l Gen. Holdings Corp.*, 2019 WL 7900030, *3 (C.D. Cal. 2019) (finding that the convenience of the parties supported transfer because "alleged false statements were spread from [defendant's] headquarters in the Southern District of New York" and the "false statements allegedly made in SEC filings, press releases, and other public statements, were prepared and issued from New York"); *Wasson v. LogMeIn, Inc.*, 2018 WL 6016283, *3 (C.D. Cal. 2018) (finding that "the locus of operative events [was] in the District of Massachusetts"

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

because the action was "based on alleged misstatements which were prepared, certified, and signed in Boston").

Here, the press releases, SEC filings, and other public statements challenged in the Complaint were prepared in California. Royal Decl. ¶ 3. Similarly, the underlying issues allegedly surrounding Flux's internal controls processes, financial accounting, and corporate disclosures were handled out of its Vista, California headquarters. *Id.* Flux's company headquarters are thus the locus of operative facts. *See Galectin Therapeutics*, 2015 WL 260881, at \*5 (transferee forum had greater contacts with operative facts in securities case when defendant operated its business and "issued the alleged misrepresentations from its headquarters" there). This factor weighs heavily in favor of transfer.

### C. The Location of Sources of Proof Favors Transfer

"Although the location of relevant documents may be of less significance in light of modern copying and reproduction technologies, it nonetheless retains at least some relevance to the venue inquiry." *Galectin Therapeutics*, 2015 WL 260881, at \*5 (quotation omitted). Securities litigation that survives dismissal "almost invariably involves production and review of a vast number of documents, almost all of which are in the defendants' possession." *Hanger Orthopedic*, 418 F. Supp. 2d at 170 (quotation omitted).

Here, the financial accounting records as well as documents regarding internal controls, corporate disclosures and public statements are either physically located or electronically stored at Flux's headquarters in California. Royal Decl. ¶ 3. Because there would be at least "some measure of increased costs to provide access to relevant documents and records in Nevada," this factor supports transfer. *See Galectin Therapeutics*, 2015 WL 260881, at \*5.

### D. Plaintiff's Choice of Forum is Entitled to Little Weight in this Shareholder Class Action

"Although great weight is generally accorded plaintiff's choice of forum, when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (citations omitted). This is especially so "in a stockholder class action, where members of the class are dispersed throughout

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

the nation." *In re Glob. Cash Access Holdings, Inc. Sec. Litig.*, 2008 WL 4344531, at *7 (S.D.N.Y. Sept. 18, 2008). Indeed, if the operative facts have not occurred in the plaintiff's forum of choice and the forum has no particular interest in the parties or the subject matter of the case, then "the plaintiff's choice is entitled only to minimal consideration." *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).

Here, importantly, the Plaintiff does not oppose transfer. Given these considerations—as well as the fact that most of the material events, most of the witnesses and documents, and all of the defendants are in California—the Plaintiff's choice of forum in Nevada should be given minimal consideration.

### E. The Remaining Private Interest Factors Are Neutral

The availability of process is a non-factor because, even if the parties could identify any non-party witness who would be unwilling to testify if called in the Southern District of California, nothing in the record suggests that this Court would be better equipped to issue a subpoena to a (probable) California resident than a federal court in California. *See* Fed. R. Civ. P. 45(c)(1).

Familiarity with applicable law is also a non-factor. "Since the Class Action alleges violations of the Exchange Act, the federal courts in either district would have equal familiarity with the law." *Galectin Therapeutics*, 2015 WL 260881, at *5.

Finally, the record does not reveal any significant difference in cost related to litigating in this forum rather than the Southern District of California. If anything, the proximity of parties, witnesses, and relevant sources of evidence suggest that litigating in California would be less expensive.

### IV. The Interests of Justice Favor Transfer

Transfer to the Southern District of California would serve the interests of justice. The public interest factors relevant to the interests of justice include:

> the administrative difficulties flowing from court congestion; the local interests in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

As explained above, this case has no real connection to Nevada. The action is in its infancy and transfer would not cause undue delay. Moreover, any slight delay would likely be offset by the fact that the Southern District of California is less congested with pending civil cases than the District of Nevada. *See* Federal Court Management Statistics, *United States District Courts – National Judicial Caseload Statistics*, Tbl. No. C-1 (Mar. 31, 2024) (listing 3,541 pending civil cases in D. Nev. and 1,984 in S.D. Cal.).[2] Transfer would not create any conflict-of-law problems or burden citizens in an unrelated forum with jury duty. To the contrary, because of the connection between the forum and the operative facts here, a court in the Southern District of California should hear the dispute.

Balancing all material circumstances of the case and considering the factors set forth above, as well as the fact that all parties agree transfer is appropriate, the interests of justice and economy favor transfer to the Southern District of California.[3]

….

….

….

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

---

[2] https://www.uscourts.gov/sites/default/files/data_tables/fjcs_c1_0331.2024.xlsx

[3] Motions for appointment of lead plaintiff in this case have not yet been filed, but defendants respectfully submit that the Court should grant the motion to transfer and defer lead plaintiff determinations to the transferee court, as is customary. *See, e.g.*, *Jenkins v. iQIYI, Inc.*, 2020 WL 3637628, at *5 (N.D. Cal. July 6, 2020) (granting motion to transfer and terminating motions for appointment as lead plaintiff); *Gallagher v. Ocular Therapeutix, Inc.*, 2017 WL 4882488, at *2-3 (D.N.J. Oct. 27, 2017) (transferee forum should determine lead plaintiff); *Herman v. W. Union Co.*, 2017 WL 5643145, at *3 n.3 (C.D. Cal. Mar. 30, 2017) (deferring question of lead plaintiff for transferee forum); *Doshi v. Gen. Gable Corp.*, 2014 WL 12774226, at *1 (S.D.N.Y. Feb. 5, 2014) (same). This makes sense. Should the Court agree that California is a more convenient forum than Nevada, it is best to defer long-term decisions about who should direct that litigation to the transferee court. Any delay would be minimal, and considerations of convenience and fairness would be prioritized.

8

**CONCLUSION**

For all these reasons, defendants Flux and Ronald F. Dutt respectfully ask the Court to transfer this case to the Southern District of California under 28 U.S.C. 1404(a).

DATED this 23rd day of December 2024.

PISANELLI BICE PLLC

*/s/ Jordan T. Smith*

Jordan T. Smith, Esq., #12097
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

*Counsel for Defendants Flux Power Holdings, Inc., and Ronald F. Dutt*

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

9

**CERTIFICATE OF SERVICE**

I certify that I am an employee of Pisanelli Bice, PLLC, and that on the 23rd day of December 2024, I electronically filed the foregoing **DEFENDANTS FLUX POWER HOLDINGS, INC., AND RONALD F. DUTT'S UNOPPOSED MOTION TO TRANSFER PLAINTIFF'S CLASS ACTION COMPLAINT** using the CM/ECF system, which served notice to the following CM/ECF participants:

Patrick R. Leverty
Leverty & Associates Chtd
832 Willow St
Reno, NV 89502
775-322-6636
Fax: 775-322-3953
Email: pat@levertylaw.com

Phillip Kim
The Rosen Law Firm, PA
275 Madison Avenue
40th Floor
New York, NY 10016
212-686-1060
Fax: 212-202-3827
Email: philkim@rosenlegal.com

William Ginn
Leverty & Associates, Chtd.
832 Willow St.
Reno, NV 89502
775-322-6636
Fax: 775-322-3953
Email: bill@levertylaw.com

*Counsel for Plaintiff*

*/s/ Zennia Sotelo*
An employee of Pisanelli Bice PLLC

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

10