David C. O'Mara (NV Bar No. 8599)
  david@omaralaw.net
**THE O'MARA LAW FIRM, P.C.**
311 East Liberty Street
Reno, Nevada  89501
Telephone: (775) 323-1321
Facsimile: (775) 323-4082

**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato (*pro hac vice* forthcoming)
  fortunato@bespc.com
Marion C. Passmore (*pro hac vice* forthcoming)
  passmore@bespc.com
810 Seventh Avenue, Suite 620
New York, New York  10019
Telephone:  (212) 308-5858
Facsimile:   (212) 214-0506

*Counsel for Lead Plaintiff Movant Frank Clark*
*and Proposed Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ASFA KASSAM, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>FLUX POWER HOLDINGS, INC., RONALD F. DUTT, and CHARLES A. SCHEIWE,<br><br>        Defendants. | Case No. 2:24-cv-02051-CDS-BNW<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION AND IN FURTHER SUPPORT OF THOMAS FRANK CLARK'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** |

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION AND IN FURTHER SUPPORT OF THOMAS FRANK CLARK'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

No. 2:24-cv-02051-CDS-BNW

## **PRELIMINARY STATEMENT**

Lead Plaintiff movant Thomas Frank Clark ("Clark" or "Movant") respectfully submits this Memorandum of Law in Opposition to Competing Lead Plaintiff Motion and in Further Support of his Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel in the above captioned action and approval of his selection of Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel and The O'Mara Law Firm, P.C. ("O'Mara Law") as Liaison Counsel for the proposed Class.[1]

On December 31, 2024, three movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") in the above captioned action (the "Action").  The motions were filed by Movant (ECF No. 13), Brandon Paulson ("Paulson") (ECF No. 12), and Roger Jones ("Jones") (ECF No. 14).  Only two competing motions for appointment as lead plaintiff remain before the Court.[2]

The PSLRA, as amended, 15 U.S.C. § 78u-4(a)(3)(B), instructs courts to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has ***also*** made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B).  If the movant "with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23."  *In re Cavanaugh*, 306 F.3d 726, 729-32 (9th Cir. 2002).

---

[1]  All capitalized terms not otherwise defined herein shall have the same meaning as set forth in Movant's opening memorandum (ECF No. 13).  Unless otherwise stated, all emphasis is added and all internal citations, quotations, and alterations are omitted.

[2]  On January 13, 2025, Jones filed a notice of non-opposition to the competing motions.  ECF No. 15.

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION AND IN FURTHER SUPPORT OF THOMAS FRANK CLARK'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

No. 2:24-cv-02051-CDS-BNW

Clark suffered losses of $16,050 as a result of the alleged fraud in this Action, which are the largest losses of any qualified movant before the Court. Movant also made the requisite *prima facie* showing of Rule 23 adequacy and typicality. As detailed in his opening motion, Clark has no conflicts with the proposed Class, understands the role of a lead plaintiff, is dedicated to the vigorous prosecution of this Action, and has selected qualified counsel. Accordingly, he is entitled to the PSLRA's "strong" presumption of being appointed lead plaintiff. The only way for competing movants to unhinge the PSLRA's "strong" presumption is to present "proof" that Clark is somehow inadequate. No such proof exists here. Accordingly, the Court should grant Movant's motion and deny Paulson's motion.

The only competing movant, Paulson, may claim a larger loss, but he has failed to make the requisite showing of adequacy by the statutory deadline. Specifically, Paulson has failed to provide a PSLRA certification in support of his motion, a fatal error. *See* 15 U.S.C. § 78u-4(a)(2)(A) ("Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification . . . ."). And Paulson should not be allowed to belatedly cure this deficiency. *See In re the Boeing Co. Aircraft Sec. Litig.*, No. 19-cv-02394, 2020 U.S. Dist. LEXIS 15012, (N.D. Ill. Jan. 28, 2020) ("*Boeing II*") (rejecting reconsideration where movant provided information after statutory deadline).

With Paulson eliminated due to his inadequacy, Clark is the movant with the next "largest financial interest" in the litigation. Additionally, Clark satisfies the requirements of Rule 23 and no "proof" otherwise has been provided by competing movants. Accordingly, Clark respectfully requests that his motion be granted in its entirety.

## BACKGROUND

On November 1, 2024, plaintiff Asfa Kassam ("Kassam") filed a complaint in this District alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission on behalf of a "Class" consisting of all persons and entities who purchased or

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION AND IN FURTHER SUPPORT OF THOMAS FRANK CLARK'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

No. 2:24-cv-02051-CDS-BNW

- 2 -

otherwise acquired publicly traded Flux Power Holdings, Inc. ("Flux Power" or the "Company") securities between November 11, 2022 and September 30, 2024, inclusive (the "Class Period"). Plaintiff Kassam duly caused a notice to be filed in a widely circulated national business-oriented wire service advising other class members of their right to seek appointment as a representative party. *See* ECF No. 13-5 (Notice). On December 31, 2024, Clark, and two other movants, filed motions to be appointed Lead Plaintiff in the Action.

## **ARGUMENT**

The PSLRA provides that the presumptive lead plaintiff is the plaintiff or group of plaintiffs that has the largest financial interest in the relief sought by the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Once a presumptively most adequate lead plaintiff is identified, the Court must then determine whether that movant also "satisfies the typicality and adequacy requirements [before] he is entitled to lead plaintiff status." *Cavanaugh*, 306 F.3d at 732. The presumption may be rebutted upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If a movant fails to satisfy Rule 23's requirements, that movant cannot be appointed as lead plaintiff and the Court must begin the analysis again with the movant with the next "largest financial interest" in the action. *See Cavanaugh*, 306 F.3d at 732 ("The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical."). *See also In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001) ("If (for any reason) the court determines that the movant with the largest losses cannot make a threshold showing of typicality or adequacy, then the court should . . . disqualify that movant from serving as lead plaintiff."). The PSLRA "does not permit courts simply to 'presume' that the movant with 'the largest financial interest in the relief sought by the class' satisfies the typicality and adequacy requirements." *Id.* at

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION AND IN FURTHER SUPPORT OF THOMAS FRANK CLARK'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

No. 2:24-cv-02051-CDS-BNW

- 3 -

264.  Here, only Clark satisfies all of the requirements of the PSLRA and can be appointed as Lead Plaintiff.

### A.    Paulson Has Failed to Satisfy the PSLRA's Requirements and His Motion Should Be Denied

While Paulson may claim a larger loss, he has failed to demonstrate his *prima facie* adequacy under Rule 23 by the statutory deadline and therefore cannot be appointed as Lead Plaintiff.  Presumptive lead plaintiff movants must satisfy the typicality and adequacy provisions of Rule 23 before being appointed as lead plaintiff.  *See* 15 U.S.C. § 78u-4.  Part of analyzing adequacy is determining whether the proposed lead plaintiff and his counsel "have any conflicts of interest with other class members" and whether the class representative and its counsel will "prosecute the action vigorously on behalf of the class."  *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).  If a lead plaintiff movant is "subject to unique defenses that could render him incapable of adequately representing the putative class[,]" that movant cannot be appointed as lead plaintiff.  *In re Snap Inc. Sec Litig.*, No. 2:17-cv-03679-SVW-AGR, 2019 U.S. Dist. LEXIS 88379, at *6 (C.D. Cal. Apr. 1, 2019).

"Under the procedures set out in the PSLRA, ***all proposed lead plaintiffs must have submitted a sworn certification*** setting forth certain facts designed to assure the court that the plaintiff (i) has suffered more than a nominal loss, (ii) is not a professional litigant, and (iii) is otherwise interested and able to serve as a class representative."  *In re Versata, Inc.*, No. C 01-1439 SI (Master File), 2001 U.S. Dist. LEXIS 24270, at *8 (N.D. Cal. Aug. 20, 2001) (citing 15 U.S.C. § 78u-4(a)(2)(A)) (emphasis added); *see also, e.g.*, *Fragala v. 500.com Ltd.*, No. CV 15-01463 MMM (Ex), 2015 U.S. Dist. LEXIS 188276, at *17 n.45 (C.D. Cal. July 7, 2015) ("Each [movant] has also complied with the certification mandated by 15 U.S.C. § 78u-4(a)(2)"); *Brown v. China Integrated Energy, Inc.*, No. No. CV 11-02559 MMM (PLAx), 2011 U.S. Dist. LEXIS 151131, at *22 (C.D. Cal. Aug. 29, 2011) (noting that "all [putative lead plaintiffs] have filed the certification mandated by 15 U.S.C. § 78u-4(a)(2)").  *Schueneman v. Arena Pharm., Inc.*, No. 10cv1959 BTM(BLM), 2011

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION AND IN FURTHER SUPPORT OF THOMAS FRANK CLARK'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

No. 2:24-cv-02051-CDS-BNW

- 4 -

U.S. Dist. LEXIS 87373, at *19 (S.D. Cal. Aug. 8, 2011) ("Under 15 U.S.C. § 78u-4(a)(2)(A), "a plaintiff seeking to serve as lead plaintiff must provide a sworn certification"); *In re Atlas Mining Co. Sec. Litig.*, No. CV 07-428-N-EJL-MHW, 2008 U.S. Dist. LEXIS 24201, at *8-9 (D. Id. Mar. 25, 2008) (same); *In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721 JM (POR), 2003 U.S. Dist. LEXIS 25022, at *10 (S.D. Cal. Dec. 31, 2003) (same). In addition, the PSLRA provides that (i) a plaintiff must review a copy of the complaint before filing it and (ii) a proposed lead plaintiff must review a copy of that complaint (or another filed complaint) before moving for lead plaintiff:

> The provisions of this subsection shall apply in each private action arising under this chapter that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.
>
> (2) Certification filed with complaint
>
> > (A)In general
> >
> > ***Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification***, which shall be personally signed by such plaintiff and filed with the complaint, that—
> >
> > > (i) states that the plaintiff has reviewed ***the complaint*** and authorized its filing….
> > >
> > > (iv) sets forth all of the transactions of the plaintiff in the security that is the subject of ***the complaint during the class period specified in the complaint***

15 U.S.C. § 78u-4(a)(1) and (a)(2) (emphasis added). By moving for lead plaintiff, Paulson is clearly "seeking to serve as a representative party on behalf of a class." *See id*. Thus, this provision applies to him (and all lead plaintiff movants).[3]

Paulson did not submit the statutorily required certification. *See* ECF No. 12-4. Without any indication that Paulson has authorized the filing of his motion, is "willing to serve as a

---

[3]  Some courts have found that a plaintiff who does not file his own complaint need not file a certification. *See Andrade v. Am. Apparel, Inc.*, No. 10-06352 MMM (PJWx), 2011 U.S. Dist. LEXIS 79795, at *43 n.62 (C.D. Cal. Mar. 15, 2011). But the majority of those cases pre-date *Cavanaugh*, where the Ninth Circuit made clear that when making the lead plaintiff determination, the court "must rely on the presumptive lead plaintiff's complaint and sworn certification; there is no adversary process to test the substance of those claims." *Cavanaugh*, 306 F.3d at 730.

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION AND IN FURTHER SUPPORT OF THOMAS FRANK CLARK'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL
No. 2:24-cv-02051-CDS-BNW

representative part[y]" or meets the requirements laid out above, he is inadequate. *Steamfitters Local 449 Pension Fund v. Cent. European Distrib. Corp.*, C.A. No. 11-6247 (JBS/KMW), 2012 U.S. Dist. LEXIS 118693, at *34-35 (D.N.J. Aug. 22, 2012); *see also In re Gemstar-TV Guide Int'l, Inc., Sec. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002) (disqualifying movants who "provide[d] no briefing and proffer[ed] no declarations concerning their ability to act as lead plaintiffs"); *Nasin v. Hongli Clean Energy Techs. Corp.*, Civ. No. 2:17-3244 (WJM), 2017 U.S. Dist. LEXIS 192673, at *8-9 (D.N.J. Nov. 21, 2017) (rejecting appointment of movant for failing to include "required language in its initial certification" and only doing so after statutory "60-day deadline").

Indeed, courts have even refused to appoint movants who submit certifications but fail to show authority to do so or where the certification contains errors. *See, e.g.*, *Williams v. Block.One*, No. 20-cv-2809 (LAK), 2020 U.S. Dist. LEXIS 138798, at *5, *8 (S.D.N.Y. Aug. 4, 2020) (unsworn certifications defective and "fatal to the [movant's] application"); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 538 (S.D.N.Y. 2015) ("Some courts have rejected lead plaintiff applications on the ground that the relevant PSLRA certification lacks any indication that its signatory had the requisite authority."); *Steamfitters*, 2012 U.S. Dist. LEXIS 118693, at *34-36 (denying motion because movant's certification failed to indicate it was executed on behalf of signatory's subsidiaries); *In re Enzymotec Ltd. Sec. Litig.*, C.A. No. 14-5556, 2015 U.S. Dist. LEXIS 25720, at *3, *6-10 (D.N.J. Mar. 3, 2015) (lead plaintiff presumption was "successfully rebutted" where "3B failed to file a proper certification in accordance with 15 U.S.C. §78u-4(a)(2)(A)" as it "could be subject to attack because it provides no indication that its signer, Ami Baksis, is authorized to sign the certification on 3B's behalf.").[4]

---

[4] *See also Li Hong Cheng v. Can. Goose Holdings Inc.*, No. 19-CV-8204 (VSB), 2019 U.S. Dist. LEXIS 209946, at *17 n.7 (S.D.N.Y. Dec. 5, 2019) (where certification omitted to disclose movant had previously moved for lead plaintiff, court notes even if "due to clerical error" it shows "carelessness" and causes "doubt" about adequacy) (citations omitted); *In re Boeing Co. Aircraft Sec. Litig.*, No. 19 CV 2394, 2019 U.S. Dist. LEXIS 198259, at *13 n.6 (N.D. Ill. Nov. 15, 2019) (Movants have "not certified that the list of transactions they provided is complete. This may just be a semantic issue that could be easily cured, rather than a cagey attempt to omit other transactions in Boeing securities, but it is one more question mark in considering the Wangs' adequacy to serve

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION AND IN FURTHER SUPPORT OF THOMAS FRANK CLARK'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

No. 2:24-cv-02051-CDS-BNW

- 6 -

Paulson should not be permitted to file a certification after the PSLRA's statutory deadline. It is "incumbent on the [movant] to make a preliminary showing of their adequacy to serve as representatives of the putative class," and "a viable candidate for Lead Plaintiff would understand the need to make a . . . preliminary showing of adequacy from the outset of the lead plaintiff selection process." *Boeing*, 2019 U.S. Dist. LEXIS 198259, at *24 n.10; *see also Boeing II*, 2020 U.S. Dist. LEXIS 15012, at *19 (rejecting reconsideration where movant provided information after statutory deadline).

### B. Clark Is the Presumptive Lead Plaintiff Because He Has the Largest Financial Interest of Movants Who Satisfy Rule 23

Under the PSLRA, the presumptive lead plaintiff is the "person or group of persons" who suffered the largest financial interest and satisfies Fed. R. Civ. P. 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). While Paulson may claim a greater loss, he is out of the running because he has not made a *prima facie* showing that he meets Rule 23's adequacy requirements as explained above,[5] and therefore the Court must next consider Clark as he has the second largest losses.

as lead plaintiff."); *Plaut v. The Goldman Sachs Grp., Inc.*, No. 18-CV-12084 (VSB), 2019 U.S. Dist. LEXIS 160255, at *13-14 (S.D.N.Y. Sept. 19, 2019) (finding "certification errors . . . militate against appointment and render [movant] inadequate to serve as lead plaintiff" and even if "minor" the error "nonetheless speak[s] to a level of carelessness, and causes [the court] to doubt whether [movant] possesses the necessary adequacy and sophistication to be lead plaintiff") (quoting *Micholle v. Opthotech Corp.*, No. 17-CV-210(VS), 2018 U.S. Dist. LEXIS 41120, at *24 (S.D.N.Y. Mar. 13, 2018); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 415 (E.D. Pa. 2019)); *In re Atl. Power Corp. Sec. Litig.*, C.A. No. 13-10537-DPW, 2014 U.S. Dist. LEXIS 199843, at *7-8 (D. Mass. Mar. 31, 2014) (denying motion where group's certifications were misdated, undated, and not provided, finding this showed a lack of "attention to detail and forthcoming sensibility which are foundational requirements for lead plaintiffs and their chosen counsel" and noting that the counsel "did not acknowledge – or perhaps even recognize – the significance of these shortcomings or attempt to rectify them until it was made a subject of the court's concern").

[5] Not only is Paulson inadequate, but he also miscalculated his losses. The PSLRA clearly states that for any sales prior to expiration of the 90-day lookback period, the price used shall be the greater of (1) the average closing price between the end of the class period and the sale date; or (2) the actual sale price. 15 U.S.C. §78u-4(e). Paulson used the lesser number and also failed to apply *Dura* and disregard any losses attributable to sales prior to the corrective disclosure which results in an approximate loss of $94,296.57. *See In re Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 342-43 (2005) (when a "purchaser sells the shares quickly before the relevant truth begins to leak out, the

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION AND IN FURTHER SUPPORT OF THOMAS FRANK CLARK'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

No. 2:24-cv-02051-CDS-BNW

- 7 -

Clark's substantial financial interest here ensures that he will prosecute this Action diligently and vigorously for the benefit of the proposed Class.

In addition to possessing the "largest financial interest" in this litigation, Clark also satisfies the requirements of Rule 23, as required by the PSLRA.  *See* ECF No. 13 at 5-8.  A lead plaintiff satisfies the adequacy requirement with a preliminary showing that:  (1) lead counsel is qualified; (2) there is no conflict between the lead plaintiff and the class; and (3) the lead plaintiff has a sufficient interest to ensure vigorous advocacy.  *See Crawford v. Honig*, 37 F. 3d 485, 487 (9th Cir. 1994); *Johnson v. OCZ Tech. Grp.*, No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610, at *4-5 (N.D. Cal. Jan. 4, 2013).  Here, Clark satisfies both the typicality and adequacy prongs of Rule 23 requiring his appointment as Lead Plaintiff.

Clark easily satisfies the typicality requirement of Rule 23.  His claims are typical of those of other Class members because, like other Class members, he purchased Flux Power securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions.  Clark suffered substantial losses as a result of the alleged fraud in the Action. Moreover, the Clark's claims are based on the same legal theory and arise from the same events and course of conduct as the claims of the proposed Class as a whole.  *See Veal v. LendingClub Corp.*, No. 18-cv-02599-BLF, 2018 U.S. Dist. LEXIS 190912, at *10-11 (N.D. Cal. Nov. 7, 2018) ("In determining whether typicality is satisfied, a Court inquires 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'").

Clark has likewise demonstrated his adequacy to serve as Lead Plaintiff in this Action. First, Clark has the largest financial interest of any movant in this Action.  This will ensure his vigorous and adequate prosecution of the Class's claims.  *See Mild v. PPG Indus., Inc.*, No. CV 18-

---

misrepresentation will not have led to any loss."); *Schueneman v. Arena Pharm., Inc.*, No. 10cv1959 BTM(BLM), 2011 U.S. Dist. LEXIS 87373, at *14 (S.D. Cal. Aug. 8, 2011) ("for purposes of evaluating financial interest, it makes sense to disregard any gains or losses resulting from stock trades before the truth was disclosed.").

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION AND IN FURTHER SUPPORT OF THOMAS FRANK CLARK'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

No. 2:24-cv-02051-CDS-BNW

04231-RGK (JEMx), 2018 U.S. Dist. LEXIS 227491, at *6 (C.D. Cal. Aug. 27, 2018).   Second, Clark has no conflicts of interest with other Class members.   Indeed, Clark's interests are perfectly aligned with the interests of the Class to maximize a recovery for the alleged fraud in this Action. *See Garcia v. Banc of Cal., Inc.*, No. SACV 17-00118 AG (DFMx), 2017 U.S. Dist. LEXIS 220306, at *6 (C.D. Cal. May 1, 2017).   Third, unlike Paulson, Clark has submitted a sworn certification as required by the PSLRA, stating that he has reviewed the complaint and is interested and able to serve as a class representative, among other things.

Finally, Clark has demonstrated his adequacy by selecting experienced and qualified counsel with substantial experience litigating securities class actions.  *See* ECF Nos. 13-6 and 13-7.

The "strong presumption" in favor of appointing Clark as Lead Plaintiff can only be rebutted with "proof" that Clark is somehow atypical or inadequate.   15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *see also Pino v. Cardone Capital, LLC*, No. 2:20-cv-08499-JFW (KSx), 2020 U.S. Dist. LEXIS 240317, at *5 (C.D. Cal. Dec. 18, 2020) (the "presumption may be rebutted only by proof from a class member that the 'most adequate plaintiff': (i) will not fairly and adequately protect the interests of the class, or (ii) is subject to unique defenses that render such plaintiff incapable of adequately representing the class") (internal quotes omitted).   No such proof exists here.   Clark reserves the right to further address typicality or adequacy should competing movants oppose Clark's Motion.

Because Clark has the largest financial interest of any qualified movants and satisfies the relevant Rule 23 requirements, he is entitled to the PSLRA's strong presumption that he is the most adequate plaintiff to lead this Action.

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION AND IN FURTHER SUPPORT OF THOMAS FRANK CLARK'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

No. 2:24-cv-02051-CDS-BNW

- 9 -

## CONCLUSION

For the foregoing reasons and those given in his opening motion, Clark respectfully requests that this Court: (1) appoint Clark as Lead Plaintiff for the Class in the Action; (2) approve BES as Lead Counsel and O'Mara Law as Liaison Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated:  January 14, 2025

Respectfully submitted,

By: */s/ David C. O'Mara*
**THE O'MARA LAW FIRM, P.C.**
David C. O'Mara (NV Bar No. 8599)
  david@omaralaw.net
311 East Liberty Street
Reno, Nevada  89501
Telephone: (775) 323-1321
Facsimile: (775) 323-4082

*Local Counsel for Lead Plaintiff Movant Thomas Frank Clark and Proposed Liaison Counsel for the Class*

**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato (*pro hac vice* forthcoming)
  fortunato@bespc.com
Marion C. Passmore (*pro hac vice* forthcoming)
  passmore@bespc.com
515 South Flower Street, Suite 1800
Los Angeles, California  90071
Telephone:  (213) 612-7735
Facsimile:   (212) 214-0506

*Counsel for Lead Plaintiff Movant Thomas Frank Clark and Proposed Lead Counsel for the Class*

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION AND IN FURTHER SUPPORT OF THOMAS FRANK CLARK'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

No. 2:24-cv-02051-CDS-BNW

- 10 -

CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2025, a copy of the foregoing was filed electronically and served by way of the Court's electronic filing system.


/s/ Valerie Weis
VALERIE WEIS

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION AND IN FURTHER SUPPORT OF THOMAS FRANK CLARK'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

No. 2:24-cv-02051-CDS-BNW

- 11 -