Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASFA KASSAM, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FLUX POWER HOLDINGS, INC., RONALD F. DUTT, and CHARLES A. SCHEIWE, <br><br> Defendants. | Case No. 3:25-cv-00113-JO-DDL <br><br> **REPLY MEMORANDUM OF LAW OF BRANDON PAULSON IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION** <br><br> <u>CLASS ACTION</u> <br><br> JUDGE: Jinsook Ohta |

1

Lead Plaintiff movant Brandon Paulson ("Paulson" or "Movant") respectfully submits this Memorandum of Law in Reply to Thomas Frank Clark's Memorandum of Law in Opposition (the "Opposition"), Dkt. No. 16.[1]

Of the two remaining Lead Plaintiff movants,[2] Paulson is the presumptive Lead Plaintiff.  Paulson has the largest financial interest.  Paulson lost $101,881,[3] whereas Clark lost $16,050. Dkt. Nos. 12, 13. Paulson's losses are ***more than five times*** Clark's losses.  Additionally, as explained in his opening papers, Paulson has made the requisite *prima facie* showing of adequacy and typicality.  Paulson lives in Port Charlotte, Florida, he is a retired marine and has been investing for more than six years. Dkt. No. 18, at 8. Paulson has retained qualified counsel, has no conflicts with the putative class, and his claims are the same as class members. Dkt. No. 12, at 7; *see Blake v. Canoo Inc.*, 2022 WL 599504, at *5 (C.D. Cal. Feb. 18, 2022) (once a movant has demonstrated that it has the largest financial interest, only a *prima facie* showing of its typicality and adequacy is required). As such,

---

[1] On January 14, 2025, this case was transferred in from the District of Nevada. Dkt. Nos. 17, 18.
[2] On January 13, 2025, Roger Jones filed a notice of non-opposition to the competing motions. Dkt. No. 15.
[3] Even applying Clark's so-called *Dura* loss calculation, Clark admits that Paulson's *Dura* losses are $94,296.57—still many times larger than Clark's losses.  Nonetheless, courts are split on whether to apply *Dura* at the lead plaintiff stage. *Plaut v. The Goldman Sachs Group, Inc.*, 2019 WL 4512774, at *4 (S.D.N.Y. Sept. 19, 2019); *Cook v. Allergn PLC*, 2019 WL 1510894, at *3 (S.D.N.Y. 2019).

REPLY MEMORANDUM OF LAW OF BRANDON PAULSONIN IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION – Case No. 3:25-cv-00113-JO-DDL

Paulson is the presumptive Lead Plaintiff under the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

In opposition, Clark contends that Paulson should not be appointed Lead Plaintiff because he filed an incomplete PSLRA certification and that the Court should not consider a corrected one. Dkt. No. 16, at 2. This argument is without merit and falls short of rebutting the lead plaintiff presumption in favor of Paulson. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (the lead plaintiff presumption "may be rebutted only upon proof" of inadequacy or atypicality); *see also In re Cendant Corp. Litigation*, 264 F.3d 201, 269 (3rd Cir. 2001) (proof is required for rebuttal and subjective speculation not enough).

**A. Paulson's Corrected Certification Does Not Impugn his Adequacy or Typicality**

Clark argues that Paulson is inadequate for submitting an incomplete PSLRA certification and should not be allowed to cure the deficiency. Dkt. No. 16, at 2. This argument is wrong on several levels.

First, two pages of Paulson certification were inadvertently omitted from the ECF filing due to a clerical error and not any intentional act of Paulson. The clerical error was the result of undersigned counsel's support staff failing to ensure the complete certification was submitted for electronic filing. The corrected filing was made on January 15, 2025. Case No. 2:24-cv-02051-CDS-BW, Dkt. No. 18.

REPLY MEMORANDUM OF LAW OF BRANDON PAULSONIN IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION – Case No. 3:25-cv-00113-JO-DDL

Second, Courts routinely allow PSLRA certifications to be corrected after the Lead Plaintiff deadline. *E.g., Tai Jan Bao v. SolarCity Corp.*, 2014 WL 3945879, at *4 (N.D. Cal. 2014) (finding that despite "errors in [movant's] sworn certification" and inaccuracies in his loss calculations, movant's "amended certification [was] sufficient to make a *prima facie* showing of typicality and adequacy"); *Rao v. Quorum Health Corporation*, 221 F. Supp.3d 987, 989 (M.D. Tenn. Dec. 13, 2016) (allowing amendments to PSLRA certification and noting that the PSLRA certification requirement does not have a time limit and many courts had allowed lead plaintiff movants to amend their certifications if issues arose); *Baron v. Talkspace, Inc.*, 2022 WL 1912255, at *2, 5-6 (S.D.N.Y. 2022) (appointing a movant group that amended PSLRA certifications after lead plaintiff deadline) (citing *Chao Lu v. Jumei Int'l Holdings Ltd.*, 2015 WL 4104570, at *2 (S.D.N.Y. June 22, 2015) ("[t]he supplemental declarations submitted … remedied any deficiencies in the initial certification.")); *Lucas v. United States Oil Fund*, 2020 WL 5549719, at *5 (S.D.N.Y. Sept. 16, 2020) (holding that "[w]here movants have timely filed their motions for lead-plaintiff appointment, courts have permitted them to supplement or amend their motions."); *Chill v. Green Tree Financial Corp.*, 181 F.R.D. 398, 411 (D. Minn. 1998) (allowing the presumptive lead plaintiffs to amend their certifications to correct technical deficiencies).

Third, courts have explained, where as here, a Lead Plaintiff Movant has not filed a complaint, a PSLRA certification is not required.  Therefore, there is no cut-off time for correcting a PSLRA certification. *See Aronson v. McKesson HBOC, Inc.*, 79 F.Supp.2d 1146, 1155 (N.D.Cal.1999) (holding that a lead plaintiff movant that did not file the complaint did not have to file a certification); *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 407 (S.D.N.Y. May 27, 2004) ("it is unsettled whether a candidate for lead plaintiff who has not filed a complaint is even required to submit such a certificate"); *see also Greebel v. FTP Software, Inc.*, 939 F.Supp. 57, at 62 (D. Mass. Aug. 15, 1996) (concluding that a purported class member seeking to serve as lead plaintiff is not required to file a certification with his or her motion).

Fourth, the existence or adequacy of any PSLRA certifications are not outcome determinative in selecting a lead plaintiff. *See Lucas*, at *5 (*citing Roby v. Ocean Power Techs.*, 2015 WL 1334320, at *8 n.8 (D.N.J. Mar. 17, 2015)). Even if an error appears in a PSLRA certification, "minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement." *Khunt v. Alibaba Group Holdings Ltd.*, 102 F.Supp.3d 523, at 529, 538 (S.D.N.Y. 2015) (holding that the failure to correct obvious or inconsequential clerical errors, like the ones [incomplete PSLRA certification], simply is not the type of adequacy issue that would "divert the fact finders attention from the merits

REPLY MEMORANDUM OF LAW OF BRANDON PAULSONIN IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION – Case No. 3:25-cv-00113-JO-DDL

and thus infect the claims of the class as a whole."). Here, Paulson's corrected certification did not alter his financial interest, his transaction information, or reveal and misrepresentations. It merely corrected an inadvertent clerical error.

Clark's cases are off the mark. Most of Clark's cases involved situations where there was material errors in the representations made in the PSLRA certifications. This is simply not the case here. *See Li Hong Cheng v. Can. Goose Holdings Inc.*, 2019 WL 6617981, at 6 (S.D.N.Y. Dec. 5, 2019) (certification "erroneously omit[ed] to disclose that he previously sought appointment in [a prior] action."); *Plaut*, at *4-5 (omitting class period transactions in their certification, causing discrepant calculated losses after amendment); *Micholle v. Opthotech Corp.*, 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018) (wrong trades listed); *Tomaszewski v. Trevena, Inc.*, 383 F.Supp.3d 409, 416-417 (E.D. Pa. 2019) (wrong trade prices, wrong trade dates and overstating losses); *In re Atl. Power Corp. Sec. Litig.*, 2014 WL 12628589, at *1-2 (D. Mass. Mar. 31, 2014) (missing certification never attempted to rectify).

The rest of Clark's cases involved improper groups and groups of unrelated investors. *See In re the Boeing Co. Aircraft Sec. Litig.*, No. 19-cv-02394, ECF No. 109, at 7 (N.D. Ill. Jan. 28, 2020) (disqualifying a group movant for reasons including [1] the group movant's resistance to provide information about their financial status and bona fides of their reported transactions is troubling; [2] group

6

movant's lack of understanding of a lead plaintiff's obligations; and [3] group movant's prioritization of their privacy over the litigation jeopardize their representation of the class.); *Williams v. Block One*, No. 20-cv-2809 (LAK), ECF No. 57, at 1-3, 5 (S.D.N.Y. Aug. 15, 2022) (disqualifying a group lead plaintiff movant due to one member of the group submitting inconsistent trading data in two different filings and the group's lack of explanation of the reason that the five individual unrelated members opted to proceed as a group); *In re Enzymotec Ltd. Sec. Litig.*, 2015 WL 918535, at *2-4, (D.N.J. Mar. 3, 2015) (Refusing to appoint a group movant for their lack of demonstration of authority to sign the PSLRA certification).

In short, Paulson is the presumptive Lead Plaintiff because he has the largest financial interest, and has made a *prima facie* showing of adequacy and typicality. Clark has failed to rebut the presumption in Paulson's favor. Therefore, Paulson should be appointed Lead Plaintiff and his selection of counsel approved.[4]

**CONCLUSION**

For the foregoing reasons, Paulson respectfully requests the Court grant his motion in full and deny Clark's motion.

Dated: January 21, 2025                    Respectfully submitted,

---

[4] Given the transfer of this action to this Court, Paulson no longer seeks the appointment of liaison counsel.

7

**THE ROSEN LAW FIRM, P.A.**
/s/ Laurence Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed] Lead Counsel for the Class*

REPLY MEMORANDUM OF LAW OF BRANDON PAULSONIN IN FURTHER SUPPORT OF LEAD
PLAINTIFF MOTION – Case No. 3:25-cv-00113-JO-DDL

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows: I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On January 21, 2025, I electronically filed the following **REPLY MEMORANDUM OF LAW OF BRANDON PAULSON IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on January 21, 2025.

/s/ Laurence Rosen
Laurence M. Rosen

REPLY MEMORANDUM OF LAW OF BRANDON PAULSONIN IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION – Case No. 3:25-cv-00113-JO-DDL