Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs*

[*Additional Counsel on Signature Page*]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASFA KASSAM, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FLUX POWER HOLDINGS, INC., RONALD F. DUTT, and CHARLES A. SCHEIWE, <br><br> Defendants. | No. 3:25-cv-113-JO-DDL <br><br> **SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> <u>CLASS ACTION</u> <br><br> Date: December 4, 2025 <br> Time: 9:30 a.m. <br> Courtroom: 4C <br> Judge: Hon. Jinsook Ohta |

1

SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; 3:25-cv-113-JO-DDL

Lead Plaintiff Brandon Paulson and named Plaintiff Thomas Frank Clark (together, "Plaintiffs") submit this supplemental brief in further support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 60, "Motion"), as instructed by the Court during the hearing on Plaintiffs' Motion on October 23, 2025 ("Preliminary Approval Hearing"). Unless otherwise defined, all capitalized terms herein have the same meanings set forth in the Stipulation of Settlement dated August 27, 2025 ("Stipulation") (Dkt. No. 60-1).

During the Preliminary Approval Hearing, the Court directed the Parties to make certain changes and provide further information regarding the proposed Settlement. *See* Dkt. No. 65 (transcript of Preliminary Approval Hearing) ("Hrg. Tr."). Specifically, the Court: (1) directed that the Settlement provide for electronic means for Settlement Class Members to request exclusion from the Settlement (Hrg. Tr. 6:16-7:17); (2) requested additional information supporting the use of *Investor's Business Daily* and *Globe Newswire* for the purposes of publishing the Summary Notice (Hrg. Tr. 7:18-8:9), including information regarding the continued availability of the notice after initial publication (Hrg. Tr. 10:4-11); (3) requested additional detail regarding the steps that will be taken to identify email and/or mailing addresses for notifying potential Settlement Class Members (Hrg. Tr. 8:10-18); and (4) directed that the Long Notice include an estimate of the average damages per share that would be recoverable if Plaintiffs prevailed on each claim alleged (*id.* 11:13-23). Plaintiffs make this submission, along with the Declaration of Paul Mulholland ("Mulholland Decl."), filed concurrently herewith on behalf of the proposed Claims Administrator, to address each of the Court's directions and concerns.

With respect to allowing Settlement Class Members to opt out of the Settlement via electronic means, Plaintiffs attach hereto as Exhibit A an amended version of the [Proposed] Order Granting Plaintiffs' Motion for Preliminary

SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; 3:25-cv-113-JO-DDL

Approval of Class Action Settlement ("Preliminary Approval Order"), previously filed as Exhibit A to the Stipulation (Dkt. No. 60-1 at 38). Defendants have consented to this amended proposed order. The amended order has been modified to allow Settlement Class Members to request exclusions from the Settlement Class by email, in addition to mail submissions. *See* Ex. A ¶23. Allowing email submissions provides Settlement Class Members with a convenient electronic means for opting out of the Settlement. The proposed Claims Administrator, SCS, supports accepting requests for exclusion via email but advises against providing a form for direct submission of requests for exclusion on the Settlement website. Mulholland Decl. ¶18. In the Claims Administrator's experience, providing for direct submission of both claims and requests for exclusion on the Settlement website is more likely to create confusion among Settlement Class Members who may mistakenly submit both a Claim Form and a request for exclusion, requiring additional outreach (and administrative time and expense) to clarify the conflicting submissions. *Id.*

The Claims Administrator has also provided additional information regarding the reasonableness and adequacy of issuing publication notice in print via *Investor's Business Daily* and online via *Globe Newswire*. *Id.* ¶¶12-15. In short, *Investor's Business Daily* is a print and online publication with national circulation targeting a readership of investors, and it is widely used to provide published print notice of class actions. Its subscribers can access digital copies online for the twenty weeks following publication. *Id.* ¶13. *Globe Newswire* is a national online newswire that reaches news outlets who report on class action matters as well as individual potential Settlement Class Members and financial institutions. *Id.* ¶14. News outlets often use posted notices, such as those published on *Globe Newswire*, as the basis for their own stories about litigation settlements involving publicly traded companies. *Id.* Publications issued via *Globe Newswire* are typically accessible for

SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; 3:25-cv-113-JO-DDL

free online through the duration of the settlement administration process. *Id.* While the vast majority of potential Settlement Class Members are typically reached through direct notice methods such as email and mail, supplementing that notice with publication of the Summary Notice in *Investor's Business Daily* and *Globe Newswire* is a reasonable and adequate means to provide publication notice of the Settlement to any potential Settlement Class Members who may not be reached through the direct notice procedures. *Id.* ¶15.

Courts in this District routinely approve notice plans for securities class action settlements that include publication notice via *Investor's Business Daily* and/or *Globe Newswire*. *See, e.g., In re Progenity, Inc. Sec. Litig.*, 2025 WL 2992215, at *16 (S.D. Cal. Oct. 23, 2025) (finding notice program that included publication of summary notice in *Investor's Business Daily* and an online newswire comparable to *Globe Newswire*, along with postcard and email notice, as administered by SCS, directed notice in a reasonable manner and supported preliminary approval of securities class action settlement) (citing *In re ImmunityBio, Inc. Sec. Litig.*, 2025 WL 834767, at *14 (S.D. Cal. Mar. 17, 2025) ("Courts routinely find that these methods of notice satisfy the requirements of Rule 23, the PSLRA, and due process in securities class actions")); *Cullen v. RYVYL Inc.*, 2025 WL 2836651, at *16 (S.D. Cal. Aug. 20, 2025) (finding notice program that included publication of summary notice over *Investor's Business Daily* and a national newswire comparable to *Globe Newswire* was a "suitable method of notice."); *Khoja v. Orexigen Therapeutics, Inc.*, 2021 WL 1579251, at *9 (finding, for a similar notice program including publication in *Investor's Business Daily*, that "both the method and content comply with Rule 23 and the PSLRA."); *Mauss v. NuVasive, Inc.*, 2018 WL 6421623, at *2 (finding notice program that included publication of summary notice on *Investor's Business Daily* and *Globe Newswire* "satisfied...Rule 23, the [PSLRA], and due process.").

SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; 3:25-cv-113-JO-DDL

The Claims Administrator has also provided additional detail regarding the steps that will be taken to identify email and/or mailing addresses for providing direct notice of the Settlement to potential Settlement Class Members. Mulholland Decl. ¶¶5-11. SCS will send email notice or mail the Postcard Notice to any potential Settlement Class Members who are identified in the Company's transfer agent records. *Id.* ¶5. The vast majority of potential Settlement Class Members are "beneficial purchasers" who purchased Flux Power stock through various institutions such as brokerages and banks ("Nominees"). *Id.* ¶6. SCS will contact approximately 2,400 Nominees from a proprietary list of relevant institutions that SCS maintains, informing the Nominees of their obligation (set forth in the Preliminary Approval Order, Ex. A ¶16) to provide SCS with contact information for potential Settlement Class Members or send emails or mail the Postcard Notice to potential Settlement Class Members directly. Mulholland Decl. ¶¶8-9. SCS will also eliminate duplicates and use skip-tracing and other methods if the initial mailing or email does not reach the intended recipient. *Id.* ¶10. Lead Counsel agree with SCS that, based on their collective experience in overseeing and administering securities class action settlements, these are the most robust and efficient methods of providing direct notice to potential Settlement Class Members. *See id.* ¶11.

Finally, with respect to the additional information that the Court directed be added to the Notice, the amended Long Notice attached hereto as Exhibit A-1 expressly provides on the first page an estimate of the average damages per share that would be recoverable if Plaintiffs prevailed on each claim alleged. Defendants have consented to this amended version of the Long Notice, previously filed as Exhibit A-1 to the Stipulation (Dkt. No. 60-1 at 54).

Accordingly, Plaintiffs respectfully request that the Court sign and enter the amended [Proposed] Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, attached hereto as Exhibit A.

Respectfully submitted,

Dated: November 13, 2025

**THE ROSEN LAW FIRM, P.A.**

By: */s/Joshua Baker*

Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226 4684
Email: lrosen@rosenlegal.com

Phillip Kim (*pro hac vice*)
Joshua Baker (*pro hac vice*)
275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: philkim@rosenlegal.com
Email: jbaker@rosenlegal.com

*Lead Counsel for Plaintiffs and the Settlement Class*

**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato (SBN 319767)
fortunato@bespc.com
Marion C. Passmore (SBN 228474)
passmore@bespc.com
515 South Flower Street, Suite 1800
Los Angeles, California 90071
Telephone: (213) 612-7735
Facsimile: (212) 214-0506

*Additional Counsel for Plaintiff Thomas Frank Clark*

6