UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASFA KASSAM, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>FLUX POWER HOLDINGS, INC., RONALD F. DUTT, and CHARLES A. SCHEIWE,<br><br>      Defendants. | Case No. 3:25-cv-113-JO-DDL<br><br>Hon. Jinsook Ohta<br><br><u>CLASS ACTION</u> |

**<u>DECLARATION OF PAUL MULHOLLAND ON BEHALF OF STRATEGIC CLAIMS SERVICES REGARDING NOTICE ADMINISTRATION</u>**

I, Paul Mulholland, declare as follows:

1.      I am a Certified Public Accountant (inactive) and president of Strategic Claims Services ("SCS"). I have over thirty years of experience specializing in litigation support services principally in the area of administration of securities class actions. I have also testified as an expert witness in securities and other class action matters.[1] Since 1999, SCS has administered over five hundred and seventy-five (575) securities class action cases. At the request of Lead Counsel, I am providing this declaration to give the Court and the Parties to the above-captioned action (the "Action") information about the notice administration services to be provided in this matter.  I make this declaration based on personal knowledge, and if called to testify, I could and would do so competently.

2.      SCS was retained by Lead Counsel, subject to Court approval, to provide notice and claims administration services in connection with the Settlement of the Action.[2]

3.      The proposed notice plan in this Action is designed to provide direct notice of the Settlement via email and/or mail to potential Settlement Class Members who can be identified with reasonable effort. In addition, SCS will provide direct notice of the Settlement to thousands of financial institutions, whether brokerage firms, banks, or other third-party nominees, that regularly monitor proposed securities class actions. All persons and entities identified as potentially having purchased publicly-traded Flux Power Holdings, Inc. ("Flux Power") common stock during the period from November 15, 2021 through February 14, 2025, both dates inclusive (*i.e.*, potential Settlement Class Members), will be emailed the link to the electronic proposed Notice of Pendency and Proposed Settlement of Class Action (the "Long Notice") and the Proof of Claim and Release Form (the "Claim Form"),

---

[1] Attached as Exhibit A is my resume and an SCS Brochure.

[2] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation of Settlement, dated August 27, 2025 (ECF No. 60-1, the "Stipulation").

substantially in the forms attached as Exhibit A-1 and Exhibit A-2 to the Stipulation, which will be hosted on the dedicated webpage for the proposed Settlement, www.strategicclaims.net/FLUX/, or mailed the proposed Postcard Notice, substantially in the form attached as Exhibit A-4 to the Stipulation. The Postcard Notice, Long Notice, and Settlement webpage will include instructions for submitting claims, filing objections, and submitting requests for exclusion, as well as contact information for SCS.

4. The proposed notice plan also calls for publication of the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice"), substantially in the form attached as Exhibit A-3 to the Stipulation, to be transmitted once over the *Globe Newswire* and published once in *Investor's Business Daily*. In addition, SCS will send the Depository Trust Company ("DTC") the Long Notice and Claim Form for the DTC to publish on its Legal Notice System ("LENS"). LENS provides DTC participants with the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted.

## I.   MAILING AND EMAILING OF DIRECT NOTICE

5. If the Court approves SCS as Claims Administrator, and approves the notice plan set forth in the proposed Preliminary Approval Order, SCS will, after cleanup and deduplication, initially send an email containing a direct link to the electronic Long Notice and Claim Form on the Settlement webpage to all persons and entities identified as potential Settlement Class Members on the records of Flux Power's stock transfer agent or, if no valid email address is available, send a copy of the Postcard Notice by First-Class Mail to all such persons and entities.

6. In a typical securities class action, the stock transfer agent will only have contact information for the small number of investors who hold their securities in their own names. These investors typically make up a very small percentage of a class. The vast majority of investors hold their securities through a brokerage firm, bank,

institution, or other third-party nominee ("Nominees"); these potential class members are beneficial purchasers whose securities are held in "street name", *i.e.*, the securities are purchased and held by one of the Nominees on behalf of the beneficial purchaser.

7.    To obtain contact information for investors at the beneficial purchaser level, SCS uses a procedure designed to obtain contact information for such beneficial purchasers from the Nominees that hold the securities on their behalf. In the twenty-six years that SCS has been notifying potential class members of actions involving publicly traded securities, SCS has found that the large majority of potential class members who are beneficial owners of the securities at issue are reached through Nominees.

8.    For this matter, SCS will send a mailed letter or an email to each entity included on a proprietary list of approximately 2,400 Nominees. This list includes the largest and most common brokerage firms, banks, and other institutions dealing with publicly traded securities and is contained in a database that SCS created and maintains. In SCS's experience, the institutions included in this database represent a significant majority of the beneficial holders of the securities in most settlements involving publicly traded companies. The mailing would notify the Nominees of the proposed Settlement and inform them of their obligation to either provide the names, addresses, and email addresses (if any) of their clients who may be Settlement Class Members, to request the link to the electronic Long Notice and Claim Form to email directly to their customers and clients who are potential Settlement Class Members, or to request copies of the Postcard Notice to mail directly to their customers and clients who are potential Settlement Class Members. As noted above, Nominees will also be notified through LENS. As necessary, SCS will follow up with nominees who do not respond in a timely manner.

9.    Where Nominees provide SCS with names, addresses, and email addresses of potential Settlement Class Members so that SCS can provide direct

DECLARATION OF PAUL MULHOLLAND ON BEHALF OF STRATEGIC CLAIMS SERVICES REGARDING NOTICE ADMINISTRATION CASE NO. 3:25-CV-113-JO-DDL                    3

notice of the proposed Settlement, SCS will promptly either: (a) email the link to the Long Notice and Claim Form to potential Settlement Class Members for whom it is able to obtain valid email addresses; or (b) mail the Postcard Notice directly to all potential Settlement Class Members identified by Nominees for whom no email address can be obtained. Where Nominees elect to send direct mailed or emailed notice, SCS will send copies of the Postcard Notice or the link to the location of the electronic Long Notice and Claim Form directly to Nominees who indicate they will directly forward them to their customers and clients who may be Settlement Class Members. Each of these requests will be completed in a timely manner pursuant to the proposed Preliminary Approval Order.

10. All name and address data obtained by SCS will be reviewed to identify and eliminate exact name and address duplicates, as well as incomplete data, prior to mailing or emailing. Any Postcard Notices that are returned to SCS as undeliverable mail will be reviewed to determine if an alternative or updated address is available, either from the United States Postal Service or via skip-tracing. If an updated or alternative address is located, SCS will re-mail to the updated or alternative address. Any potential Settlement Class members who are emailed links to the electronic Long Notice and Claim Form that "bounce back" as undeliverable will be mailed a copy of the Postcard Notice if a mailing address has been provided to SCS.

11. Based on SCS's experience from the over five hundred and seventy-five class action settlements where we have acted as administrator, the procedures outlined in ¶¶5-10 above are the most robust method for identifying the estimated 98% of potential Settlement Class Members who are beneficial purchasers and providing them with direct notice of the Settlement by email and mail.

## II.    PUBLICATION OF THE SUMMARY NOTICE

12. SCS will supplement the direct mailing and emailing program described above by publishing the Summary Notice in the *Investor's Business Daily*, a national

print publication with additional digital access, and issuing the Summary Notice over the *Globe Newswire*, a national online newswire. Publication of the Summary Notice via these outlets is designed to provide a cost-effective and targeted method for notifying additional potential Settlement Class Members of the proposed Settlement via publication.

13.     *Investor's Business Daily* is a publication with national circulation targeting a readership of investors, and it is widely used to provide published print notice of class actions.  It publishes summary notices in its print editions and allows its subscribers to access digital copies of such print editions online for the twenty weeks following publication via its *eIBD* service. In SCS's experience, *Investor's Business Daily* will be the most-cost effective way to provide published, print notification with national circulation targeted to reach the base of investors of publicly traded stocks that includes potential Settlement Class Members. Additionally, *eIBD* will provide ample time for the Summary Notice to be accessed online by potential Settlement Class Members and Nominees who are subscribers following the initial print publication.

14.     *Globe Newswire* is a national online newswire that allows for publication to both target news outlets who report on class action matters as well as individual potential Settlement Class Members and Nominees. News outlets often use posted notices, such as those published on *Globe Newswire*, as the basis for their own stories about litigation settlements involving publicly traded companies. In SCS's experience, publications issued via *Globe Newswire* are accessible for free via internet search for the duration of the settlement administration process and after, which will provide an additional, easily accessible method for potential Settlement Class Members to learn about the proposed Settlement throughout the notification and claims processing periods.

15.     Since the vast majority of potential Settlement Class Members will be reached through the direct outreach detailed in ¶¶5-10 above, the method of

Summary Notice publication detailed herein is designed to provide an additional form of notice for the few potential Settlement Class Members who are not able to be identified with reasonable effort. Together, publication of the Summary Notice in *Investor's Business Daily* and over *Globe Newswire* is designed to provide adequate additional notice to these Settlement Class Members and to Nominees without incurring substantially increased costs to the Settlement Class from publishing in other outlets that may reach a broader set of readers, but not necessarily more potential Settlement Class Members.[3]

**III.    SCS WILL MAINTAIN A TOLL-FREE PHONE NUMBER AND SETTLEMENT WEBPAGE**

16.    Throughout the notification and claims processing period, SCS will maintain a toll-free number to field potential Settlement Class Members' inquiries (1-866-274-4004). SCS will also maintain a dedicated webpage for the Settlement on its website, www.strategicclaims.net/FLUX/, where key documents will be posted, including the Stipulation, the Long Notice and Claim Form, and the executed Preliminarily Approval Order. The Settlement webpage will also highlight important dates, including the date of the final approval hearing and the deadlines to submit a claim, request exclusion from the Settlement, or object to the Settlement. If there are any modifications to the time and/or date of the final approval hearing, SCS will update the webpage accordingly. All posted documents will be available for download from the webpage.

17.    In addition to hosting a downloadable PDF of the Claim Form, as mentioned above, for any potential Settlement Class members who prefer to complete and submit their claim by email, mail, or fax, the Settlement webpage will include an electronic version of the Claim Form that will be able to be completed and submitted entirely online.

---

[3] For example, the cost of publication in *Investor's Business Daily* is less than one-third of the cost of publishing notice in *Wall Street Journal*.

## IV.    ELECTRONIC SUBMISSION OF EXCLUSION REQUESTS

18.    SCS is prepared to receive requests for exclusion by email, as directed by the Court.  However, SCS advises that the Settlement website should not include a function to submit a form exclusion request. In SCS's experience, providing for direct opt-out submissions on the Settlement website can create confusion among potential Settlement Class Members who may mistakenly submit both a request for exclusion and a Claim Form. By directing Settlement Class Members who wish to request exclusion to submit their requests by email (or mail), SCS can provide individuals with the opportunity to opt out electronically while reducing the potential need to conduct additional outreach (incurring additional administrative time and costs) in the event that Settlement Class Members mistakenly submit both an exclusion request and a Claim Form.

19.    Based on my experience, I believe the proposed notice program meets the requisite standards and will provide the best notice practicable under the circumstances.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 12, 2025 in Media, Pennsylvania.

_Paul Mulholland_

_____

Paul Mulholland

## **PAUL MULHOLLAND**
### (CURRICULUM VITAE)

Mr. Mulholland is the President and founder of Strategic Claims Services (SCS) in April of 1999.  SCS is a litigation support firm specializing in the administration of class action cases. SCS has administered over 750 class action settlements involving the distribution of over $4 billion in settlement/judgment funds, and the management of more than 4 million claims with mailings of notices to over 50 million potential class members.  For more information on SCS visit its website at **www.strategicclaims.net**.

From 1992 to 1999, Mr. Mulholland was Senior Vice President of Valley Forge Administrative Services, Inc.  Mr. Mulholland was responsible for overseeing all aspects preparation of damage/expert reports in class action matters and for claims processing and administration of class action settlements.   He also was responsible for areas of federal and state income taxes for settlement funds and for compliance with all treasury regulations.

From 1986 to 1992, Mr. Mulholland was Chief Financial Officer of Terramics Property Company, a Philadelphia-based regional commercial real estate company with a $150 million real estate portfolio.  He was responsible for asset management, financial reporting, budgets, bank and investor liaison, debt restructurings, refinancings, contract negotiations, tax matters, treasury functions and cash management.

From 1984 to 1986, Mr. Mulholland was Chief Financial Officer of American Health Systems, Inc., a $40 million (revenue) nursing home management company, and was responsible for financial reporting, taxation, budgeting, cash management, cost containment, risk management and regulatory reporting.

From 1980 to 1984, Mr. Mulholland was employed at Coopers & Lybrand.  He planned and directed audit engagements in a variety of industries, including preparation of financial statements, SEC reporting, and evaluation of internal accounting systems and supervision of staff accountants.

Mr. Mulholland holds a BS in Accounting from Wheeling University and is a Certified Public Accountant (inactive). He was an adjunct professor of accounting and finance at Neumann University and currently serves on its business advisory board.

## PAUL MULHOLLAND
## EXPERT TESTIMONY AND DEPOSITIONS

**Expert Testimony:**

Celia L. Hale., et al., v. Wal-Mart Stores, Inc
Jackson County, Missouri
Case No. 01-CV-218710 (Division 1)                    June 2008

Jitendra V. Singh v. vCustomer Corporation, et al.
Eastern District of Pennsylvania
Civil Action No.  03-4439                              June 2004

Barter v. Southmoore Golf Associates                  March 21, 2000 and
(Common Pleas of Northhampton County (No. 199-C-1815)  March 22, 2000

Pearl and Hoffman v. Geriatric & Medical Center, Inc (Eastern
District of Pennsylvania (No.92-CV-5113 and No.93-CV-2129)   March 1995


**Depositions:**

Fosamax Products
Liability Litigation No. 1:06-MD-1789 (JFK)
(MDL No. 1789)
USDC for the Southern District of New York            June 14, 2007

Aredia and Zometa Products
Liability Litigation No. 3:06-MD-1760
(MDL No. 1760)
USDC for the Middle District of Tennessee
at Nashville                                          May 31, 2007

Jitendra V. Singh v. vCustomer Corporation, et al.
Eastern District of Pennsylvania
Civil Action No.  03-4439                             June 2004

In Re: Curative Health Services, Inc. Securities Litigation
(Master File No. CV99-2074) United States District Court
Eastern District of New York                          February 2002

Pearl and Hoffman v. Geriatric & Medical Center, Inc (Eastern
District of Pennsylvania (No.92-CV-5113 and No.93-CV-2129)   January 1995

**Mediation Presentation:**

Alibaba Group Holding Limited Securities Litigation
Civil Action 1:15-md-02361 (CN)
USDC Southern District of New York
Mediation Presentation to Honorable Layne R Phillips    March 2019



**STRATEGIC CLAIMS**

SERVICES

OUR MISSION

# Unlock the Benefits *of Strategic Claims*

Strategic Claims Services strives to offer high quality claims administration and unmatched solutions to its clients while maintaining exceptional client relationships.

- We tailor each process to meet legal, case, and class needs—making sure everything is accurate, efficient, and clearly communicated.

- Our team has deep experience handling everything from complex disputes to simpler cases.

- Our Project Managers handle every part of your administration and are always accessible, even answering calls directly.

- We take a consultative approach, providing tailored reports, real-time alerts, and thorough reviews. Our team works closely with you to anticipate and resolve issues, ensuring a clear and accurate claims process.

**700+**

Class action settlements

**4M**

Claims managed

**$4B**

In settlement/judgment funds

STRATEGICCLAIMS.NET

ABOUT US

# Over Two Decades *of Successful Claims Administration*

Strategic Claims Services (SCS) was established in 1999 to provide support in managing, planning, implementing and administering class action litigations. With over two decades of experience, SCS develops a custom solution for each and every client to ensure the highest quality service at a competitive price.

As an innovator in claims administration services, SCS is a technology driven organization with a proven track record to handle cases of all sizes in a cost-effective and efficient manner. The firm also provides tailored proposals, data management, and consultation.





## Paul Mulholland
**CEO & FOUNDER**

As the founder, Mr. Mulholland is the key liaison with counsel on administrative cases. He holds a BS degree in Accounting from Wheeling University and is a Certified Public Accountant (inactive) and a member of the AICPA. Mr. Mulholland has over thirty years of experience in all areas of notice and claims administration. He has administered over 700 class action settlements representing billions of dollars of settlement funds.

# Past *Cases*

CONTACT US



## Ryan Schley, Esq.
**VICE PRESIDENT OF SALES**

P 484.282.2803
E rschley@strategicclaims.net

In re Vanguard Chester Funds Litigation No. 2:22-cv-00955-JFM.

**Settlement fund of $50M.** Notice by mail to 313K class members resulting in 212K claims processed.

Ferguson, et al. v. Ruane, Cunniff & Goldfarb Inc., et al., No. 1:17-cv-06685-ALCBCM *(S.D.N.Y.)*

ERISA Settlement Fund of **$124 Million.** Over 15K claims processed.

Friel v. Dapper Labs, Inc., et al., Case No. 1:21-cv-05837-VM.

Notice to over 680K class members resulting in over **30K claims processed.**

Tewin et al. v. Church & Dwight, Inc. No. 3:12-cv-01475-MAS-DEA.

Publication Notice resulting in **70K claims processed.**