# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASFA KASSAM, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FLUX POWER HOLDINGS, INC., RONALD F. DUTT, and CHARLES A. SCHEIWE,<br><br>Defendants. | Case No. 3:25-cv-113-JO-DDL<br><br>Hon. Jinsook Ohta<br><br>CLASS ACTION |

**DECLARATION OF MARGERY CRAIG CONCERNING: (A) MAILING OF THE POSTCARD NOTICE AND EMAILING OF LONG NOTICE AND PROOF OF CLAIM; (B) PUBLICATION OF THE SUMMARY NOTICE; (C) REPORT ON REQUSTS FOR EXCLUSION AND OBJECTIONS; AND (D) CLAIMS RECEIVED TO DATE**

DECLARATION OF MARGERY CRAIG, Case No. 3:25-cv-113-JO-DDL

I, Margery Craig, declare as follows:

1.        I am a Project Manager at Strategic Claims Services ("SCS"), a nationally-recognized class action administration firm. I have over nineteen years of experience specializing in the administration of class action cases. SCS was established in April 1999 and has administered over five hundred and seventy-five (575) class action cases since its inception.  I submit this declaration in order to provide the Court and the Parties with information regarding the notification of the Settlement to potential Settlement Class Members, as well as updates concerning other aspects of the Settlement administration process.[1]  I have personal knowledge of the facts set forth herein and, if called upon to do so, I could and would testify competently thereto.

2.        Pursuant to the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, dated December 10, 2025 (Dkt. No. 68, the "Preliminary Approval Order"), SCS was appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims in connection with the above-captioned action.

## MAILING OF POSTCARD NOTICE AND EMAILING OF LINKS TO LONG NOTICE AND PROOF OF CLAIM

3.        SCS sent the Depository Trust Company ("DTC") a Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") and Proof of Claim and Release Form ("Proof of Claim", and together with the Long Notice, "Long Notice and Proof of Claim") for the DTC to publish on its Legal Notice System ("LENS") on December 23, 2025.  LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation of Settlement, filed August 27, 2025 (Dkt. No. 60-1, the "Stipulation").

DECLARATION OF MARGERY CRAIG, Case No. 3:25-cv-113-JO-DDL

on particular notices or particular CUSIPs once a legal notice is posted.  **Exhibit A** is a copy of the Long Notice and Proof of Claim.

4.　　As in most class actions of this nature, the vast majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers are known only to the nominees.  SCS maintains and continually updates its proprietary master list of brokerage firms, banks, institutions and other third-party nominees. As of the date of this declaration, SCS's proprietary master list consisted of 1,049 banks and brokerage companies ("Nominee Account Holders"), as well as 1,414 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").　On December 23, 2025, SCS caused a letter to be mailed or e-mailed to the 2,463 nominees contained in the SCS master mailing list.  The letter notified them of the Settlement and requested that, within 10 calendar days from the date of the letter or email, they either (a) send the Postcard Notice or email the link to the location of the Long Notice and Proof of Claim on the Settlement webpage to their customers who may be beneficial purchasers/owners or (b) provide SCS with a list of names, last known addresses, and email addresses of their beneficial purchasers/owners so that SCS could promptly either mail the Postcard Notice or email the link to the location of the Long Notice and Proof of Claim directly to such beneficial purchasers/owners.  A copy of the letter sent to these nominees is attached as **Exhibit B.**

5.　　To provide actual notice to all persons or entities who purchased the publicly traded common stock of Flux Power Holdings, Inc. ("Flux Power") during the period from November 15, 2021 through February 14, 2025, both dates

inclusive (the "Settlement Class Period"), pursuant to the Preliminary Approval Order, SCS printed and mailed the Postcard Notice to potential Settlement Class Members. A true and correct copy of the Postcard Notice is attached as **Exhibit C**.

6. SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 1,378 people/organizations identified in Flux Power's transfer records that were provided to SCS by counsel for Defendants on December 11, 2025. The records provided to SCS reflect the 1,378 individuals and entities that purchased Flux Power publicly traded common stock for their own accounts, or for the account(s) of their clients, during the Settlement Class Period. The transfer record mailing was completed on December 24, 2025. SCS received 293 additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that SCS mail copies of the Postcard Notice. SCS also received requests from three nominees for 4,655 copies of the Postcard Notice, in total, so that these nominees could forward them to their customers. To date, 6,326 Postcard Notices have been mailed to potential Settlement Class Members.[2]

7. Of the 6,326 Postcard Notices mailed, 397 were returned as undeliverable. Of these, the United States Postal Service provided forwarding addresses for 14, and SCS immediately mailed another Postcard Notice to the updated addresses. The remaining 383 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses, and 205 were re-mailed to updated addresses.

8. Additionally, SCS emailed the link to the Long Notice and Proof of Claim to 5,506 email addresses provided by individuals or nominees, and SCS was notified by one nominee that it emailed 7,149 of its customers the link to the Long

---

[2] SCS received two requests from potential Settlement Class Member for the Long Notice and Proof of Claim to be mailed to them. SCS immediately mailed the Long Notice and Proof of Claim to the potential Settlement Class Members.

DECLARATION OF MARGERY CRAIG, Case No. 3:25-cv-113-JO-DDL

Notice and Proof of Claim on the Settlement webpage. To date, 12,655 emails have been sent with the link to the Long Notice and Proof of Claim.

9.      In total, 18,981 notices (either via a mailed Postcard Notice or an emailed link to the location of the Long Notice and Proof of Claim) were sent to potential Settlement Class Members.

## PUBLICATION OF THE SUMMARY NOTICE

10.      Pursuant to the Preliminary Approval Order, the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice") was published electronically once on *GlobeNewswire* and in print once in the *Investor's Business Daily* on January 19, 2026, as shown in the confirmations of publication attached hereto as **Exhibit D.**

## TOLL-FREE PHONE LINE

11.      SCS maintains a toll-free telephone number (1-866-274-4004) that Settlement Class Members may call to obtain information about the Settlement and/or request copies of the Long Notice and Proof of Claim.  SCS has promptly responded to each telephone inquiry and addressed Settlement Class Member inquiries.

## SETTLEMENT WEBSITE

12.      On December 23, 2025, SCS established a dedicated webpage for this Settlement on its website at www.strategicclaims.net/flux.  The webpage is accessible 24 hours a day, 7 days a week.  The webpage contains the current status; the case deadlines; the online claim filing link; important case documents, such as the Long Notice and Proof of Claim, the Preliminary Approval Order, and the Stipulation with exhibits; and documents for Representative Filers, such as the letter sent to nominees, the electronic filing instructions, and the electronic filing template.  SCS will continue to maintain and update the webpage throughout the

DECLARATION OF MARGERY CRAIG, Case No. 3:25-cv-113-JO-DDL

Settlement administration process. To date, the webpage has received 1,675 views from 729 unique users.

## REPORT ON EXCLUSIONS AND OBJECTIONS

13. The Postcard Notice, Long Notice, Summary Notice, and Settlement website informed potential Settlement Class Members that written requests for exclusion are to be mailed to SCS such that they are received no later than March 12, 2026. SCS has been monitoring all mail delivered for this case. As of the date of this declaration, SCS has not received any request for exclusion.

14. According to the Long Notice, Postcard Notice, and Summary Notice, Settlement Class Members seeking to object to the Settlement, any part of the Settlement, the Plan of Allocation, Lead Counsel's motion for attorneys' fees and expenses or application for an award to Plaintiff, and/or who think the Court should not approve the Settlement, must be submitted to Lead Counsel and counsel for Defendants, as well as filed with the Clerk of the Court, no later than March 12, 2026. As of the date of this declaration, SCS has not received any objections, and SCS has not been notified that any objections were submitted.

## CLAIMS RECEIVED TO DATE

15. The Postcard Notice, Long Notice, Summary Notice, and the Settlement website informed Settlement Class Members that the deadline for claims submission was March 3, 2026. As of the date of this declaration, SCS has received 3,473 claims. SCS is currently conducting quality assurance reviews of the submitted claims, such as verifying that claims include the required supporting documentation and identifying duplicated claims. Once this audit process is complete, claimants with incomplete or invalid claims will be given an opportunity to cure their deficiencies, to the extent that their deficiencies may be cured. With these steps currently outstanding, the number of claims considered valid has not yet

6

DECLARATION OF MARGERY CRAIG, Case No. 3:25-cv-113-JO-DDL

been finally determined. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this 5th day of March 2026, in Media, Pennsylvania.

Margery Craig

DECLARATION OF MARGERY CRAIG, Case No. 3:25-cv-113-JO-DDL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASFA KASSAM, Individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>FLUX POWER HOLDINGS, INC., RONALD F. DUTT, and CHARLES A. SCHEIWE,<br><br>       Defendants. | Case No. 3:25-cv-113-JO-DDL<br><br>Hon. Jinsook Ohta<br><br><u>CLASS ACTION</u> |

**NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT OF CLASS ACTION**

If you purchased publicly traded common stock of Flux Power Holdings, Inc. ("Flux Power") during the period between November 15, 2021 and February 14, 2025, both dates inclusive ("Settlement Class Period"), you could get a payment from a proposed class action settlement ("Settlement").

*Under law, a federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the Settlement will provide $1,750,000 ("Settlement Amount"), plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of investors who purchased Flux Power publicly traded common stock during the Settlement Class Period.

- The approximate recovery, after deduction of attorneys' fees and expenses approved by the Court, is an average of $0.08 per damaged share of Flux Power common stock. This estimate is based on the assumptions set forth in the following two paragraphs. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Flux Power common stock, the purchase and sale prices, and the total number and amount of claims filed.

- Attorneys for Plaintiffs ("Lead Counsel") intend to ask the Court to award them fees of up to one-third of the Settlement Amount, or $583,333.33, reimbursement of litigation expenses of no more than $75,000, and an award to Plaintiffs not to exceed $15,000 in total. Collectively, the attorneys' fees and expenses and award to Plaintiffs are estimated to average up to $0.05 per damaged share of Flux Power common stock. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The Settlement represents an estimated average recovery of $0.12 per damaged share of Flux Power common stock for the approximately 14.1 million damaged shares estimated during the Settlement Class Period. Plaintiffs estimate that the average damages per share that would be recoverable if Plaintiffs had prevailed on each claim alleged was approximately $0.65 per damaged share. Defendants estimate this figure to be approximately $0.50 per damaged share. Shares may have been traded more than once during the Settlement Class Period. These estimates solely reflect the average recovery per damaged share of Flux Power common stock. The indicated average recovery per share will be the total average recovery for all purchasers of that share. This is not an

1

estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Flux Power common stock, and the total number of claims filed.

- The Settlement resolves the Action concerning whether Defendants Flux Power, Ronald F. Dutt, and Charles A. Scheiwe violated the federal securities laws by making misrepresentations and/or omissions of material fact in various filings with the U.S. Securities and Exchange Commission or in other public statements to investors. Defendants deny each and every claim and contention alleged in the Action and deny any misconduct or wrongdoing whatsoever, including by any of Flux Power's officers, directors, or employees.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN MARCH 3, 2026** | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN MARCH 12, 2026** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN MARCH 12, 2026** | Write to the Court and explain why you object to the Settlement. |
| **GO TO A HEARING ON APRIL 2, 2026** | Ask to speak in Court about the fairness of the Settlement no later than March 12, 2026. |
| **DO NOTHING** | Get no payment.  Give up rights. |

### INQUIRIES

**Please do not contact the Court regarding this Notice.**  All inquiries concerning this Notice, the Proof of Claim and Release Form ("Proof of Claim"), or any other questions by Settlement Class Members should be directed to:

| | | |
|---|---|---|
| Flux Power Securities Litigation c/o Strategic Claims Services P.O. Box 230 600 N. Jackson St., Ste. 205 Media, PA 19063 Tel:  866-274-4004 Fax:  610-565-7985 Email: info@strategicclaims.net | OR | Phillip Kim THE ROSEN LAW FIRM, P.A. 275 Madison Avenue, 40th Floor New York, NY 10016 Tel: 212-686-1060 Fax: 212-202-3827 Email: philkim@rosenlegal.com |

### DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated August 27, 2025 ("Stipulation").

### COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

1. **Why did I get this Notice?**
   You or someone in your family may have purchased publicly traded Flux Power common stock between November 15, 2021 and February 14, 2025, both dates inclusive.

2

2.      **What is this lawsuit about?**

The case is known as *Kassam v. Flux Power Holdings, Inc., et al.,* Case No. 3:25-cv-113-JO-DDL (S.D. Cal.) ("Action"). The Action is pending in the United States District Court for the Southern District of California.

The Action involves Plaintiffs' allegations that Defendants violated the federal securities laws by making false and misleading statements in Flux Power's filings with the U.S. Securities and Exchange Commission or other public statements to investors concerning, among other things, Flux Power's financial statements, accounting for inventory, and internal control over financial reporting. The Complaint asserts that the alleged misrepresentations and omissions artificially inflated the price of Flux Power common stock during the Settlement Class Period, and that the stock price dropped in response to certain subsequent disclosures. Defendants have denied and continue to deny the allegations in the Complaint and all charges of wrongdoing or liability against Flux Power or any of its officers, directors, or employees. The Settlement shall in no event be construed as, or deemed to be evidence of, an admission or concession by Defendants with respect to any claim or any fault or wrongdoing or damage to the Settlement Class Members or any other person. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims.

3.      **Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

4.      **Why is there a Settlement?**

Plaintiffs and Defendants do not agree regarding the merits of Plaintiffs' allegations and Defendants' defenses with respect to liability or the amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim. The issues on which Plaintiffs and Defendants disagree include: (1) whether any Defendants made statements or omissions that were materially false or misleading or otherwise actionable under federal securities law; (2) whether any Defendants acted with scienter; (3) to the extent any statements or omissions were materially false or misleading, whether any subsequent disclosures corrected any prior false or misleading statements or omissions by Defendants; (4) the causes of the loss in the value of the stock; and (5) the amount of damages, if any, that could be recovered at trial.

This matter has not gone to trial. Instead, Plaintiffs and Defendants have agreed to settle the case. Plaintiffs and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses Defendants would raise. Among the reasons that Plaintiffs and Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will prevail on Defendants' pending motions to dismiss, whether they would be able to prevail on a motion for class certification, whether they would be able to prove their claims at trial, and whether they will be able to prove that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Even if Plaintiffs were to win at trial, and also prevail on any appeal brought by Defendants, Plaintiffs might not be able to collect some, or all, of any judgment the class would be awarded. Moreover, litigation of this type is usually expensive, and it appears that, even if Plaintiffs' allegations were eventually found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially reduced.

5.  **How do I know if I am part of the Settlement?**

The Settlement Class consists of those persons or entities who purchased publicly traded Flux Power common stock between November 15, 2021 and February 14, 2025, both dates inclusive.

6.  **Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b) Defendants; the present and former officers, directors, or control persons of Flux Power at all relevant times; members of their immediate families and their legal representatives, heirs, successors, predecessors, or assigns; present and former parents, subsidiaries, assigns, successors, and predecessors of Flux Power; and any entity in which any of the persons excluded under this subsection (b) has or had a controlling or majority ownership interest at any time. Also excluded from the Settlement Class are those persons or entities who file valid and timely requests for exclusion from the Settlement Class.

7.  **I am still not sure whether I am included.**

If you are still not sure whether you are included, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004, by email at info@strategicclaims.net, or by facsimile at (610) 565-7985; visit the website www.strategicclaims.net/FLUX; or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

8.  **What does the Settlement provide?**

    a.  **What is the Settlement Fund?**

The proposed Settlement provides that Defendants pay $1,750,000 into a Settlement Fund. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees and reasonable litigation expenses to Lead Counsel and any award to Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining ("Net Settlement Fund") will be distributed according to the Plan of Allocation to be approved by the Court to Settlement Class Members who submit timely, valid Proofs of Claim.

    b.  **What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed; (ii) the dates you purchased and sold Flux Power publicly traded common stock; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amounts awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and any awards to Plaintiffs.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's valid "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims.

The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Stipulation or by order of the Court under the below Plan of Allocation ("Authorized Claimants"), which reflects Plaintiffs' contention that because of the alleged misrepresentations

4

made by Defendants, the prices of Flux Power common stock were artificially inflated during the relevant period and that certain subsequent disclosures caused changes in the inflated prices of Flux Power common stock. Defendants have denied these allegations.

## PROPOSED PLAN OF ALLOCATION

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members.  Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website: www.strategicclaims.net/FLUX.

The Claims Administrator shall determine the *pro rata* share of the Net Settlement Fund of each Authorized Claimant based upon each Authorized Claimant's Recognized Loss. **Please Note**: The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the following paragraphs. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Administrative Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. Six months after such second distribution, if undertaken, or if such second distribution is not undertaken, if any funds remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel.

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on their Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. Recognized Losses for publicly traded Flux Power common stock purchased during the Settlement Class Period will be calculated as follows:

5

(A)   For shares purchased during the Settlement Class Period <u>and sold during the Settlement Class Period</u>, the Recognized Loss per share will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below) less the inflation per share upon sale (as set forth in Inflation Table A below); or (2) the purchase price per share minus the sales price per share.

(B)   For shares purchased during the Settlement Class Period <u>and sold during the period from February 18, 2025 through May 16, 2025</u>, inclusive, the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the difference between the purchase price per share and the average closing share price as of date of sale provided in Table B below.

(C)   For shares purchased during the Settlement Class Period <u>and retained as of the close of trading on May 16, 2025,</u> the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the purchase price per share minus $1.61[1] per share.

| INFLATION TABLE A | |
|---|---|
| **Period** | **Inflation** |
| November 15, 2021 to September 5, 2024 | $1.16 per share |
| September 6, 2024 to September 30, 2024 | $1.05 per share |
| October 1, 2024 to November 17, 2024 | $0.91 per share |
| November 18, 2024 to November 21, 2024 | $0.79 per share |
| November 22, 2024 to January 7, 2025 | $0.46 per share |
| January 8, 2025 to February 14, 2025 | $0.19 per share |
| After February 14, 2025 | $0.00 per share |

| Table B | | | | | | |
|---|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
| 2/18/2025 | $1.46 | $1.46 | | 4/3/2025 | $1.53 | $1.56 |
| 2/19/2025 | $1.42 | $1.44 | | 4/4/2025 | $1.46 | $1.55 |
| 2/20/2025 | $1.49 | $1.46 | | 4/7/2025 | $1.43 | $1.55 |
| 2/21/2025 | $1.53 | $1.48 | | 4/8/2025 | $1.39 | $1.55 |
| 2/24/2025 | $1.43 | $1.47 | | 4/9/2025 | $1.54 | $1.55 |
| 2/25/2025 | $1.39 | $1.45 | | 4/10/2025 | $1.51 | $1.54 |
| 2/26/2025 | $1.38 | $1.44 | | 4/11/2025 | $1.49 | $1.54 |

---

[1] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." The mean daily closing trading price of Flux Power's shares during the 90-day period beginning on February 18, 2025 through and including May 16, 2025 was $1.61.

| Table B | | | | | |
| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 2/27/2025 | $1.26 | $1.42 | 4/14/2025 | $1.48 | $1.54 |
| 2/28/2025 | $1.28 | $1.40 | 4/15/2025 | $1.49 | $1.54 |
| 3/3/2025 | $1.29 | $1.39 | 4/16/2025 | $1.38 | $1.54 |
| 3/4/2025 | $1.21 | $1.38 | 4/17/2025 | $1.40 | $1.53 |
| 3/5/2025 | $1.21 | $1.36 | 4/21/2025 | $1.44 | $1.53 |
| 3/6/2025 | $1.34 | $1.36 | 4/22/2025 | $1.51 | $1.53 |
| 3/7/2025 | $1.41 | $1.36 | 4/23/2025 | $1.70 | $1.53 |
| 3/10/2025 | $1.31 | $1.36 | 4/24/2025 | $1.65 | $1.54 |
| 3/11/2025 | $1.42 | $1.36 | 4/25/2025 | $1.68 | $1.54 |
| 3/12/2025 | $1.35 | $1.36 | 4/28/2025 | $1.70 | $1.54 |
| 3/13/2025 | $1.36 | $1.36 | 4/29/2025 | $1.72 | $1.55 |
| 3/14/2025 | $1.41 | $1.37 | 4/30/2025 | $1.69 | $1.55 |
| 3/17/2025 | $1.82 | $1.39 | 5/1/2025 | $1.73 | $1.55 |
| 3/18/2025 | $1.82 | $1.41 | 5/2/2025 | $1.71 | $1.56 |
| 3/19/2025 | $1.62 | $1.42 | 5/5/2025 | $1.81 | $1.56 |
| 3/20/2025 | $1.63 | $1.43 | 5/6/2025 | $1.77 | $1.56 |
| 3/21/2025 | $1.95 | $1.45 | 5/7/2025 | $1.91 | $1.57 |
| 3/24/2025 | $2.10 | $1.48 | 5/8/2025 | $1.97 | $1.58 |
| 3/25/2025 | $2.07 | $1.50 | 5/9/2025 | $1.89 | $1.58 |
| 3/26/2025 | $1.94 | $1.51 | 5/12/2025 | $2.03 | $1.59 |
| 3/27/2025 | $2.03 | $1.53 | 5/13/2025 | $1.99 | $1.60 |
| 3/28/2025 | $1.88 | $1.55 | 5/14/2025 | $1.83 | $1.60 |
| 3/31/2025 | $1.72 | $1.55 | 5/15/2025 | $1.90 | $1.61 |
| 4/1/2025 | $1.64 | $1.55 | 5/16/2025 | $1.90 | $1.61 |
| 4/2/2025 | $1.63 | $1.56 | | | |

To the extent a Claimant had a trading gain or "broke even" from their overall transactions in Flux Power common stock during the Settlement Class Period, their Recognized Loss will be zero and the Claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a Claimant suffered a trading loss on their overall transactions in Flux Power common stock during the Settlement Class Period, but that trading loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the Claimant's actual trading loss.

For purposes of calculating your Recognized Loss, the date of purchase or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Flux Power common stock shall not be deemed a purchase or sale for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase.

For purposes of calculating your Recognized Loss, all purchases and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim enclosed with this Notice, you must provide all your purchases and sales of Flux Power publicly traded common stock during the period from November 15, 2021 through and including May 16, 2025.

7

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Claimants. No person shall have any claim against Defendants, Defendants' counsel, Plaintiffs, Lead Counsel or the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Proof of Claim. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

**9.    How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form." This form is attached to this Notice. You may also obtain this form on the Settlement website at www.strategicclaims.net/FLUX. Read the instructions carefully, fill out the form, and sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaims.net/FLUX by 11:59 p.m. ET on March 3, 2026; or (2) by mailing the claim form together with all documentation requested in the form, postmarked no later than March 3, 2026, to the Claims Administrator at:

Flux Power Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Fax:  610-565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

**10.    What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself from the Settlement Class by the March 12, 2026 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against the Defendants and other Released Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against the Defendants and other Released Parties any and all claims which arise out of, are based upon or relate in any way to the purchase of Flux Power publicly traded common stock during the Settlement Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as the sole compensation for any losses you suffered in the purchase or sale of Flux Power common stock during the Settlement Class Period. The specific terms of the release are included in the Stipulation.

**11.    How do I exclude myself from the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Released Parties on your own about the

claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must send an email or mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *Kassam v. Flux Power Holdings, Inc., et al.,* Case No. 3:25-cv-113 (S.D. Cal.);" (B) states the date, number of shares and dollar amount of each Flux Power common stock purchase during the Settlement Class Period, and any sale transactions; and (C) states the number of shares of Flux Power common stock held by you as of the opening of trading on November 15, 2021 and the close of trading on February 14, 2025. To be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase and, if applicable, sale transaction of Flux Power common stock during the Settlement Class Period, and (ii) demonstrating your status as a beneficial owner of the Flux Power common stock. Any such request for exclusion must be signed (electronically if by email) and submitted by you, as the beneficial owner, under penalty of perjury. You must email or mail your exclusion request, to be received no later than March 12, 2026, to the Claims Administrator at the following address:

Flux Power Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
info@strategicclaims.net

You cannot exclude yourself by telephone.

If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the Final Judgment in this case.

**12.    If I do not exclude myself, can I sue the Defendants for the same thing later?**
No. Unless you followed the procedure outlined in this Notice and the Court's Preliminary Approval Order to exclude yourself, you give up any right to sue the Defendants or other Released Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

**13.    Do I have a lawyer in this case?**
The Court appointed The Rosen Law Firm, P.A. as Lead Counsel to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for The Rosen Law Firm, P.A. is provided above.

**14.    How will the lawyers be paid?**
Lead Counsel have expended considerable time litigating this action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed one-third of the Settlement Fund, or $583,333.33, for reimbursement of reasonable litigation expenses not to exceed $75,000, and an award to Plaintiffs in an amount

9

not to exceed $15,000 in total. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

15. **How do I tell the Court that I object to the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, the Plan of Allocation, Lead Counsel's motion for attorneys' fees and expenses, or application for an award to Plaintiffs, and that you think the Court should not approve any or all of the foregoing, by mailing a letter stating that you object to the Settlement in the matter of as *Kassam v. Flux Power Holdings, Inc., et al.,* Case No. 3:25-cv-113 (S.D. Cal.). Be sure to include (1) your name, address, and telephone number; (2) a list of all purchases and sales of Flux Power common stock during the Settlement Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address and telephone number of all counsel, if any, who represent you; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers, and briefs to **each** of the addresses listed below, and file proof of service upon lead Counsel and Counsel for Defendants with the Clerk of the Court, to be received no later than March 12, 2026:

| Clerk of the Court | LEAD COUNSEL: | COUNSEL FOR DEFENDANTS: |
|---|---|---|
| United States District Court Southern District of California 333 West Broadway Suite 420 San Diego, CA 92101 | THE ROSEN LAW FIRM, P.A. Phillip Kim 275 Madison Avenue 40th Floor New York, NY 10016 | WILSON SONSINI GOODRICH & ROSATI, P.C. Caz Hashemi 650 Page Mill Road Palo Alto, CA 94304 WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP David Aveni 401 W. A Street, Suite 1900 San Diego, CA 92101 |

16. **What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

17. **When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on April 2, 2026, at 9:30 a.m. PT, at the U.S. District Court, Southern District of California, Edward J. Schwartz United States Courthouse, Courtroom

10

4C, 221 West Broadway, San Diego, CA 92101, or by telephonic or videoconference means as directed by the Court.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide whether to approve the Plan of Allocation, as well as how much to pay Lead Counsel for attorneys' fees and expenses and how much to award to Plaintiffs.

18.    **Do I have to come to the hearing?**
No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

19.    **What happens if I do nothing at all?**
If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Parties about the Released Claims (as defined in the Stipulation) ever again.

DATED: December 10, 2025    _____

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

11

## PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission:  March 3, 2026**

IF YOU PURCHASED THE PUBLICLY TRADED COMMON STOCK OF FLUX POWER HOLDINGS, INC. ("FLUX POWER") BETWEEN NOVEMBER 15, 2021 AND FEBRUARY 14, 2025, BOTH DATES INCLUSIVE ("SETTLEMENT CLASS PERIOD"), YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. (EXCLUDED FROM THE SETTLEMENT CLASS ARE DEFENDANTS; THE PRESENT AND FORMER OFFICERS, DIRECTORS, OR CONTROL PERSONS OF FLUX POWER AT ALL RELEVANT TIMES; THE IMMEDIATE FAMILY MEMBERS, LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS OR ASSIGNS OF SUCH EXCLUDED PERSONS; AND ANY ENTITY IN WHICH ANY EXCLUDED PERSON HAS OR HAD A CONTROLLING OR MAJORITY OWNERSHIP INTEREST AT ANY TIME. ALSO EXCLUDED ARE THOSE WHO VALIDLY OPT OUT AND THOSE WITH NO COMPENSATORY LOSSES).

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT A PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS. YOU CAN COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS PROOF OF CLAIM BY 11:59 P.M. ET ON MARCH 3, 2026 AT WWW.STRATEGICCLAIMS.NET/FLUX.

IF YOU DO NOT COMPLETE AND SUBMIT AN ELECTRONIC VERSION OF THIS PROOF OF CLAIM, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN MARCH 3, 2026 TO STRATEGIC CLAIMS SERVICES, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

Flux Power Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.:  866-274-4004
Fax:  610-565-7985
info@strategicclaims.net

YOUR FAILURE TO SUBMIT YOUR CLAIM BY MARCH 3, 2026 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL, AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR. IF YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A PROPER PROOF OF CLAIM, YOU WILL NOT SHARE IN THE SETTLEMENT, BUT YOU NEVERTHELESS WILL BE BOUND BY THE FINAL JUDGMENT OF THE COURT UNLESS YOU EXCLUDE YOURSELF.

SUBMISSION OF A PROOF OF CLAIM DOES NOT ASSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

12

## CLAIMANT'S STATEMENT

1. I (we) purchased the publicly traded common stock of Flux Power Holdings, Inc. ("Flux Power") during the Settlement Class Period. (Do not submit this Proof of Claim if you did not purchase publicly traded Flux Power common stock during the Settlement Class Period.)

2. By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above or am (are) acting for such person(s); that I am (we are) not a Defendant(s) in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice of Pendency and Proposed Settlement of Class Action ("Notice"); that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund; that I (we) elect to participate in the proposed Settlement; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim.

4. I (we) have set forth where requested below all relevant information with respect to each purchase of Flux Power publicly traded common stock during the time period requested below, and each sale, if any, of the same. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase and sale of Flux Power publicly traded common stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss. In some cases, the Claims Administrator may condition acceptance of the claim upon the production of additional information, including, where applicable, information concerning transactions in any derivative securities, such as options.)

7. Upon the occurrence of the Court's approval of the Settlement, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise, and discharge by me (us) and my (our) parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors,

13

devisees, legatees, and estates (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, an estate, or one or more other persons, by them and by their parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates) of each of the "Released Parties" of all "Released Claims," as those terms are defined in the Stipulation of Settlement, dated August 27, 2025 ("Stipulation").

8.  Upon the occurrence of the Court's approval of the Settlement, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, an estate, or one or more other persons, by them and by their parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Released Parties.

9.  "Released Parties" has the meaning defined in the Stipulation.

10. "Released Claims" has the meaning defined in the Stipulation.

11. "Unknown Claims" has the meaning defined in the Stipulation.

12. I (we) agree and acknowledge that I (we) may hereafter discover facts in addition to or different from those which I (we) now know or believe to be true with respect to the Released Claims, but I (we) agree and acknowledge that, upon the Effective Date, as defined in the Stipulation, I (we) shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. I (we) agree and acknowledge that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

13. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with the authority to file on behalf of (a) accounts of multiple Persons and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their clients' transactions in the approved electronic spreadsheet format, which is available by request to the Claims Administrator at efile@strategicclaims.net or by visiting the website www.strategicclaims.net/FLUX. One spreadsheet may contain the information for multiple Persons and institutional accounts who constitute distinct legal entities ("Legal Entities"), but all Representative Filers MUST also submit a manually signed Proof of Claim and Release Form, as well as proof of authority to file (see Item 2 of the Claimant's Statement) along with the electronic spreadsheet. The transactions and holdings in Flux Power publicly traded common stock should be reported in the electronic file so that each resulting Claim corresponds to a single Legal Entity, regardless of the number of individually managed accounts the Legal Entity has, as only one Claim will be processed per Legal Entity (e.g. a Representative Filer reporting the transactions for a fund with multiple sub-accounts should report one total holding at the start of the Settlement Class Period, one total holding at the end of the Settlement Class Period, and a

14

single set of transactions that includes all transactions made by the Legal Entity across their sub-accounts; this would constitute and be processed as a single Claim). The Claims Administrator reserves the right to combine a Legal Entity's accounts into a single Claim prior to processing in the event that a Legal Entity's accounts are divided across multiple Claims when submitted by the Representative Filer. The Claims Administrator also reserves the right to request additional documentary proof regarding a Legal Entity's transactions and holdings in Flux Power common stock to prove and accurately process the Claim. No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

14. <u>NOTICE REGARDING ONLINE FILING</u>: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim and Release Form hosted at www.strategicclaims.net/FLUX.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim and Release Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004.  If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim and Release Form.

15. In order to provide accurate claims processing, you must provide all transactions in Flux Power publicly traded common stock between November 15, 2021 and May 16, 2025, both dates inclusive.

FLUX POWER

## I. CLAIMANT INFORMATION

| | |
|---|---|
| Beneficial Owner Name: | |
| Record Owner Name: | |
| Address: | |
| | |

| City | | State | ZIP |
|---|---|---|---|
| Foreign Province | | Foreign Country | |
| Day Phone | | Evening Phone | |
| Email | | | |

| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |
|---|---|---|

## II. SCHEDULE OF TRANSACTIONS IN FLUX POWER HOLDINGS, INC. ("FLUX POWER") PUBLICLY TRADED COMMON STOCK

**Beginning Holdings:**
A. State the total number of shares of Flux Power publicly traded                    _____
   common stock held at the opening of trading on November 15, 2021
   (*must be documented*).  If none, write "zero" or "0."

**Purchases:**
B. Separately list each and every purchase of Flux Power publicly traded common stock between November 15, 2021 and May 16, 2025, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

FLUX POWER

**Sales:**

C.  Separately list each and every sale of Flux Power publicly traded common stock between November 15, 2021 and May 16, 2025, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Ending Holdings:**

D.  State the total number of Flux Power publicly traded common stock held at the close of trading on May 16, 2025 (*must be documented).*   _____

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

**III. SUBSTITUTE FORM W-9**

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| _____ |  | _____ |

**IV. CERTIFICATION**

I (We) submit this Proof of Claim under the terms of the Stipulation and Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of California with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of Flux Power common stock during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

17

FLUX POWER

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)
☐ Check here if proof of authority to file is enclosed.
(See Item 2 under Claimant's Statement)

Date: _____

18

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/FLUX NO LATER THAN 11:59 P.M. ET ON MARCH 3, 2026, OR POSTMARKED NO LATER THAN MARCH 3, 2026 AND MUST BE MAILED TO:**

Flux Power Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.:  866-274-4004
Fax:  610-565-7985
info@strategicclaims.net

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by March 3, 2026, and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions.  In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim.  Please notify the Claims Administrator of any change of address.

### REMINDER CHECKLIST

o   Please be sure to sign this Proof of Claim on page 18.  If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

o   Please remember to attach supporting documents.  Do NOT send any stock certificates.  Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim or any supporting documents.

o   If you move or change your address, telephone number, or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or to deliver payment to you.

*Flux Power Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

**EXHIBIT B**

### REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS
STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202        EMAIL: info@strategicclaims.net        FAX: (610) 565-7985

December 23, 2025

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential Settlement Class Members.

**We request that you assist us in identifying any individuals/entities who fit the following description:**

ALL PERSONS AND ENTITIES WHO PURCHASED PUBLICLY TRADED COMMON STOCK OF FLUX POWER HOLDINGS, INC. ("FLUX POWER") DURING THE PERIOD BETWEEN NOVEMBER 15, 2021 AND FEBRUARY 14, 2025, BOTH DATES INCLUSIVE.

Excluded from the Settlement Class are: (a) Persons who suffered no compensable losses, (b) Defendants; the present and former officers, directors, or control persons of Flux Power at all relevant times; members of their immediate families and their legal representatives, heirs, successors, predecessors, or assigns; present and former parents, subsidiaries, assigns, successors, and predecessors of Flux Power; and any entity in which any of the persons excluded under this subsection (b) has or had a controlling or majority ownership interest at any time.

**The information below may assist you in finding the above requested information:**

| | |
|---|---|
| Flux Power Securities Litigation<br>Case No. 3:25-cv-113-JO-DDL<br>Claim Filing Deadline: March 3, 2026<br>Exclusion Deadline: March 12, 2026<br>Objection Deadline: March 12, 2026<br>Notice To Appear Deadline: March 12, 2026<br>Settlement Hearing: April 2, 2026 | **Security Identifiers:**<br><br>Cusip Number: 344057203 (old)<br>Cusip Number: 344057302 (new)<br>ISIN: US3440572036 (old)<br>ISIN: US3440573026 (new)<br>Ticker Symbol: NASDAQ: FLUX |

### PER COURT ORDER, PLEASE RESPOND WITHIN 10 CALENDAR DAYS FROM THE DATE OF THIS NOTICE.

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please advise us in writing; or
2. **Supply us with names, last known addresses, and email addresses (to the extent known)** of your beneficial purchasers/owners and we will do the emailing of the link to the location of the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") and the Proof of Claim and Release Form ("Proof of Claim") (collectively, the "Long Notice and Proof of Claim") or mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notices, you have ten (10) calendar days to mail them; or
4. Request links to the location of the Long Notice and Proof of Claim and email the link to each of your beneficial purchasers/owners within ten (10) calendar days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.02 per Long Notice and Proof of Claim link emailed,** OR
- **$0.02 per name, address and email address** if you are providing us the records, OR
- **$0.02 per name and address, including materials, plus postage at the pre-sort rate used by the Claims Administrator** if you are requesting the Postcard Notice and performing the mailing.

**All invoices must be received within 30 days of this letter.**

You are on record as having been notified of the legal matter. A copy of the Long Notice and Proof of Claim and other important case-related documents are available on our website at www.strategicclaims.net/FLUX. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.


Sincerely,

Claims Administrator
Flux Power Securities Litigation

**Court-Ordered Legal Notice**

**Forwarding Service Requested**


*Important Notice about a Securities Class Action Settlement*

*You may be entitled to a payment.*
*This Notice may affect your legal rights.*


*Please read it carefully.*

Flux Power Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**EXHIBIT C**

There has been a proposed Settlement of all claims against Flux Power Holdings, Inc. ("Flux Power") and certain of its officers and directors (collectively, "Defendants"). The Settlement resolves a lawsuit in which Plaintiffs allege that, in violation of the federal securities laws, Defendants misled investors about Flux Power's financial statements and internal controls, issuing materially false and misleading statements and causing damages to Settlement Class Members. Defendants deny any wrongdoing.

You received this Notice because you or someone in your family may have purchased Flux Power common stock between November 15, 2021 and February 14, 2025, both dates inclusive. The Settlement provides that, in exchange for the settlement and dismissal and release of Defendants, a fund consisting of $1,750,000 ("Settlement Fund"), less attorneys' fees and expenses, will be divided among all Settlement Class Members who submit valid Proof of Claim and Release Forms ("Proof of Claim"). For a full description of the Settlement, your rights, and to make a claim, please view the Stipulation of Settlement at www.strategicclaims.net/FLUX and please request a copy of the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") and Proof of Claim by contacting the Claims Administrator in any of the following ways: (1) mail: *Flux Power Securities Litigation*, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063; (2) call: toll free, (866) 274-4004; (3) fax: (610) 565-7985; (4) email: info@strategicclaims.net; or (5) visit the website: www.strategicclaims.net/FLUX.

To qualify for payment, you must submit a Proof of Claim to the Claims Administrator. A copy of the Proof of Claim can be found on the website. PROOF OF CLAIMS ARE DUE BY MARCH 3, 2026 TO FLUX POWER SECURITIES LITIGATION, C/O STRATEGIC CLAIMS SERVICES, P.O. BOX 230, 600 N. JACKSON STREET, SUITE 205, MEDIA, PA 19063 OR SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/FLUX. If you do not want to be legally bound by the Settlement, you must exclude yourself by March 12, 2026, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by March 12, 2026. The Long Notice explains how to exclude yourself or to object.

The Court will hold a hearing on April 2, 2026 at 9:30 a.m. PT at Edward J. Schwartz United States Courthouse, Courtroom 4C, 221 West Broadway, San Diego, CA 92101, or via remote means at the Court's direction, to consider whether to approve the Settlement, the Plan of Allocation, a request for attorneys' fees of up to one-third of the Settlement Fund, plus actual expenses up to $75,000 for litigating the case and negotiating the Settlement, and a compensatory Award to Plaintiffs not to exceed $7,500 each or $15,000 total ("Settlement Hearing"). You may attend the hearing and ask to be heard by the Court, but you do not have to. The Court reserves the right to hold the Settlement Hearing by remote means. You may, but are not required to, attend the hearing and ask to be heard by the Court. For more information, call (866) 274-4004, or visit www.strategicclaims.net/FLUX.

**EXHIBIT D**

Margery Craig

| | |
|---|---|
| **From:** | donotreply@globenewswire.com |
| **Sent:** | Monday, January 19, 2026 8:01 AM |
| **To:** | Margery Craig |
| **Cc:** | Josephine Bravata; Margery Craig; lrosen@rosenlegal.com |
| **Subject:** | GlobeNewswire Release Distribution Confirmation: The Rosen Law Firm PA |



Boost the trust and credibility of your next press release. Get CLEAR Verified by GlobeNewswire

# Release Distribution Confirmation

**The Rosen Law Firm, P.A. Announces Proposed Class Action Settlement on Behalf of Purchasers of the publicly traded common stock of Flux Power Holdings, Inc. – FLUX**

*Cross time: 01/19/26 08:00 AM ET: Eastern Time - View release on GlobeNewswire.com*

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

This message was distributed by GlobeNewswire.

2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us

1

**AFFIDAVIT**

**STATE OF NEW JERSEY**                    )
                                                    ) ss:

**CITY OF MONMOUTH JUNCTION, in the COUNTY OF MIDDLESEX )**

I, Keith Oechsner, being duly sworn, depose and say that I am the advertising clerk of the Publisher of

INVESTORS BUSINESS DAILY, a weekly national newspaper of general circulation throughout the

United States, and that the notice attached to this Affidavit has been regularly

published in INVESTORS BUSINESS DAILY for National distribution for

1   insertion(s) on the following date(s):

JAN-19-2026;

ADVERTISER: FLUX POWER HOLDINGS, INC.

and that the foregoing statements are true and correct to the best of my knowledge.

_____

Sworn to before me this
20  day of  January 2026

_____
Notary Public



# MUTUAL FUND PERFORMANCE

INVESTORS.COM — WEEK OF JANUARY 19, 2026 — A11

## BIG CAP GROWTH ETF (SPYG) VS SMALL CAP GROWTH ETF (SLYG)

| | |
|---|---|
| Nvidia Corp (NVDA) | 15.02% |
| Microsoft Corp (MSFT) | 6.81% |
| Meta Platforms (META) | 5.18% |
| Apple Inc (AAPL) | 4.93% |
| Amazon.com Inc (AMZN) | 4.33% |

| | |
|---|---|
| SPX Technologies (SPXC) | 1.21% |
| Armstrong Wrld (AWI) | 1.18% |
| Seerling Infrastructure (STRL) | 1.14% |
| Dycom Industries (DY) | 1.10% |
| Federal Signal (FSS) | 1.08% |

When the line is heading up, big cap growth funds are outperforming small cap growth funds

| Feb | May | Aug 2025 | Nov |

## GROWTH ETF (IUSG) VS VALUE ETF (IUSV)

| | |
|---|---|
| Nvidia Corp (NVDA) | 14.23% |
| Microsoft Corp (MSFT) | 6.46% |
| Meta Platforms (META) | 4.91% |
| Apple Inc (AAPL) | 4.68% |
| Broadcom (AVGO) | 4.63% |

| | |
|---|---|
| Microsoft (MSFT) | 6.96% |
| Apple (AAPL) | 6.41% |
| Amazon.com (AMZN) | 3.47% |
| ExxonMobile (XOM) | 1.83% |
| Berkshire Hathaway (BRKB) | 1.69% |

When the line is heading up, growth funds are outperforming value funds

| Feb | May | Aug 2025 | Nov |

## Top Growth Funds
### Last 3 months (all total returns)

| Mutual Fund | % Change Last 3 Mo | Rating 36 mos | $ Net Assets |
|---|---|---|---|
| Fairholme:Fairholme | +29 | A- | 1.264 bil |
| Baron Partners Fund | +21 | A+ | 4.158 bil |
| Fidelity Sel Defense | +16 | A+ | 3.232 bil |
| Baron Focused Gro | +14 | A+ | 1.928 bil |
| Harbor:Sm Cap Val | +14 | C+ | 1.558 bil |
| Third Avenue:Value | +14 | B+ | 796.30 mil |
| Wasatch:Ultra Gro | +14 | D+ | 386.00 mil |
| Mairs & Power:Sml Cap | +14 | C | 240.30 mil |
| Vanguard PrmCp Cre | +13 | A | 13.788 bil |
| Invesco Discovery | +13 | A | 2.162 bil |
| Fidelity Mid Cap Value | +13 | | 1.277 bil |
| Fidelity Adv MCV | +13 | B+ | 212.40 mil |
| Vanguard PRIMECAP | +13 | A- | 71.755 bil |
| Fidelity Srs Sm Cap Opp | +13 | A- | 4.802 bil |
| Fidelity Value Strat | +12 | B- | 608.90 mil |
| SB&H Trust:SC Value | +12 | B | 386.60 mil |
| Fidelity Adv Val Str | +12 | B- | 379.50 mil |
| PRIMECAP:Odyssey Growth | +12 | A+ | 5.433 bil |
| Fidelity Value Fund | +12 | B- | 7.878 bil |
| LKCM:Small Cap Eq | +12 | A- | 319.20 mil |
| Fidelity Stk Sel SC;S | +12 | B+ | 2.713 bil |
| Fidelity Adv Stk SSC | +12 | B+ | 1.741 bil |
| Fidelity Adv Val | +12 | B- | 127.40 mil |
| Diamond Hill Sm Cap | +12 | B+ | 150.60 mil |
| Third Avenue:SC Val | +12 | B- | 167.80 mil |

High (11/00) 6.2% Low (9/25) 1.22%

| | | | | | |
|---|---|---|---|---|---|
| 24-Jun | 1.42% | 24-Dec | 1.30% | 25-Jun | 1.37% |
| 24-Jul | 1.46% | 25-Jan | 1.39% | 25-Jul | 1.35% |
| 24-Aug | 1.47% | 25-Feb | 1.51% | 25-Aug | 1.31% |
| 24-Sep | 1.45% | 25-Mar | 1.53% | 25-Sep | 1.22% |
| 24-Oct | 1.41% | 25-Apr | 1.70% | 25-Oct | 1.19% |
| 24-Nov | 1.40% | 25-May | 1.58% | 25-Nov | 1.23% |

## Top Growth Funds
### Last 3 years (all total returns)

| Mutual Fund | % Change YTD | Rating 3 years | $ Net Assets |
|---|---|---|---|
| ProFunds:Semiconduct | +6 | A+ | 515.00 mil |
| Rydex:NASDAQ 2x | +2 | A+ | 1.216 bil |
| ProFunds:UltraNASDAQ | +2 | A+ | 1.664 bil |
| Alger Inst:Focus Eqty | +2 | A+ | 398.90 mil |
| Alger Inst:Cap App | +1 | A+ | 1.263 bil |
| Alger:Capital Apprec | +1 | | 1.232 bil |
| Permanent Port:Aggr Gr | +5 | | 365.60 mil |
| Fidelity Sel Comm Serv | +1 | A- | 2.208 bil |
| Fidelity Adv Comm Serv | +1 | A+ | 139.40 mil |
| Alger II:Spectra | +1 | A+ | 1.637 bil |
| Morg Stan I:Growth | +1 | A+ | 2.374 bil |
| TRowePrice Glbl Tech | +3 | A+ | 2.948 bil |
| Morg Stan Insight | +2 | A+ | 811.80 mil |
| Columbia:Sel Gl Tch | +9 | A+ | 1.746 bil |
| Fidelity BlueChp G;Series | +1 | A+ | 14.673 bil |
| ProFunds:UltraBull | +3 | A+ | 204.90 mil |
| Fidelity Blue Chip Gr | +1 | A+ | 72.124 bil |
| Rydex:S&P 500 2x | +3 | A+ | 179.50 mil |
| Fidelity Gro Co;Series | +2 | A+ | 20.326 bil |
| Baron Fifth Ave Gro | 0 | A+ | 1.609 bil |
| Fidelity Gro Company | +2 | A+ | 71.629 bil |
| FidelityAdv Srs Gro Opp | +1 | A+ | 1 bil |
| Transam:Cap Growth | 0 | A+ | 495.30 mil |
| Baron Opportunity | -1 | A+ | 968.50 mil |
| Virtus:Silvant FG | -2 | A+ | 965.90 mil |



## INVESTOR'S BUSINESS DAILY

### FREE WEBINAR

# A Smarter Way to Swing Trade ETFs

**Thursday, January 22 @ 1:30pm PT / 4:30pm ET**

In this free webinar, two members of the SwingTrader team, Mike Webster (IBD Senior Market Strategist) and Justin Nielsen (IBD Market Research Director), will demonstrate:

- How they determine which ETFs to add to the SwingTrader model portfolio
- When to buy, when to cut losses and when to take profits
- How to swing trade leveraged and inverse ETFs

**investors.com/webinar**

© 2026 Investor's Business Daily, LLC. Investor's Business Daily, IBD, IBD Digital, IBD Live and Leaderboard are trademarks of Investor's Business Daily, LLC.

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

ASFA KASSAM, Individually and on behalf of all others similarly situated, Plaintiff,
v.
FLUX POWER HOLDINGS, INC., RONALD F. DUTT, and CHARLES A. SCHEIWE, Defendants.

Case No.: 3:25-cv-113-JO-DDL
Hon. Jinsook Ohta
CLASS ACTION

### SUMMARY NOTICE OF PENDENCY AND PROPOSED CLASS ACTION SETTLEMENT

TO: ALL PERSONS WHO PURCHASED THE PUBLICLY TRADED COMMON STOCK OF FLUX POWER HOLDINGS, INC. ("FLUX POWER") FROM NOVEMBER 15, 2021 THROUGH FEBRUARY 14, 2025, BOTH DATES INCLUSIVE.

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of California, that a hearing will be held on April 2, 2026, at 9:30 a.m. PT before the Honorable Jinsook Ohta, United States District Judge of the United States District Court for the Southern District of California, Edward J. Schwartz United States Courthouse, Courtroom 4C, 221 West Broadway, San Diego, CA 92101, or by telephone or videoconference means as directed by the Court, for the purpose of determining:
(1) whether the proposed Settlement of the claims in the above-captioned Action for consideration including the sum of $1,750,000 ("Settlement Amount") should be approved by the Court as fair, reasonable, and adequate;
(2) whether the proposed Settlement of the Action proceeds is fair, reasonable, and adequate;
(3) whether the application of Lead Counsel for an award of attorneys' fees of up to one-third of the Settlement Amount, reimbursement of expenses of not more than $75,000, and an award of no more than $15,000 in total to Plaintiffs should be approved; and
(4) whether this Action should be dismissed with prejudice as set forth in the Stipulation of Settlement, dated August 27, 2025 ("Stipulation").

If you purchased publicly traded Flux Power common stock during the period from November 15, 2021 through February 14, 2025, both dates inclusive, your rights may be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in Flux Power common stock.

You may obtain copies of the detailed Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") and the Proof of Claim and Release Form ("Proof of Claim") by writing to or calling Flux Power Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063; (Tel) (866) 274-4004; (Fax) (610) 565-7985; info@strategicclaims.net, or going to the website, www.strategicclaims.net/FLUX. If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must submit a properly completed Proof of Claim electronically or postmarked no later than March 3, 2026, to the Claims Administrator, establishing that you are entitled to recovery. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim.

If you desire to be excluded from the Settlement Class, you must submit a request for exclusion in the manner and form explained in the Long Notice to the Claims Administrator so that it is received no later than March 12, 2026. All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Action.

Any objection to the Settlement, Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses and an award to Plaintiffs must be in the manner and form explained in the Long Notice and received no later than March 12, 2026, by each of the following:

Clerk of the Court
United States District Court
Southern District of California
333 West Broadway
Suite 420
San Diego, CA 92101

LEAD COUNSEL:
THE ROSEN LAW FIRM, P.A.
Phillip Kim
275 Madison Avenue
40th Floor
New York, NY 10016

COUNSEL FOR DEFENDANTS:
WILSON SONSINI GOODRICH & ROSATI, P.C.
Ijaz Hashemi
650 Page Mill Road, Palo Alto, CA 94304
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
David Aveni
401 W. A Street, Suite 1900, San Diego, CA 92101

If you have any questions about the Settlement, you may call or write to Lead Counsel:
THE ROSEN LAW FIRM, P.A.
Phillip Kim
275 Madison Avenue, 40th Floor, New York, NY 10016
Tel: 212-686-1060
PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.
Dated: December 10, 2025

BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

©2026 Investor's Business Daily, LLC. All rights reserved.