# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASFA KASSAM, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FLUX POWER HOLDINGS, INC., RONALD F. DUTT, and CHARLES A. SCHEIWE,<br><br>Defendants. | No. 3:25-cv-113-JO-DDL<br><br>CLASS ACTION<br><br>Hon. Jinsook Ohta |

**DECLARATION OF LAURENCE M. ROSEN**

1

I, Laurence M. Rosen, declare as follows:

1.      I am the managing partner of The Rosen Law Firm, P.A. ("Rosen Law"), Court-appointed Lead Counsel in this Action.[1] I am an attorney duly licensed to practice law in California and before this Court. I submit this Declaration in support of Rosen Law's application for an award of attorneys' fees and reimbursement of litigation expenses incurred by Plaintiffs' Counsel in connection with services rendered in this Action. I have personal knowledge of the facts asserted herein.

2.      A copy of Rosen Law's résumé is attached to the Declaration of Joshua Baker as Exhibit 6.

3.      Rosen Law has been involved in this Action since its inception in November 2024. Rosen Law has rendered the following legal services in connection with the prosecution of this Action: (a) conducted an extensive factual investigation, which included the review of publicly available documents about Flux Power Holdings, Inc. ("Flux Power") and the individual defendants; (b) filed the initial complaint; (c) filed a motion for appointment of lead plaintiff and lead counsel; (d) coordinated with additional counsel for Plaintiffs throughout the litigation; (e) consulted with a private investigator concerning the allegations in this Action; (f) consulted with a damages expert; (g) researched, drafted and filed the Amended Complaint on behalf of Plaintiffs; (h) reviewed Defendants' two motions to dismiss the Amended Complaint; (i) participated in a mediation with Robert A. Meyer of JAMS, including drafting a detailed mediation statement and reviewing Defendants' mediation statement; (j) negotiated an agreement on the terms of a settlement; (k) negotiated the written settlement documents; (l) crafted the Plan of

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation of Settlement dated August 27, 2025 (Dkt. No. 60-1) ("Stipulation").

DECLARATION OF LAURENCE M. ROSEN; Case No. 3:25-cv-113-JO-DDL

Allocation in consultation with Strategic Claims Services that treats Plaintiffs and all other members of the Settlement Class fairly; (m) presented those settlement terms to this Court by way of a motion for preliminary approval of the proposed settlement; (n) attended a hearing on the preliminary approval motion and submitted supplemental information per the Court's request; (o) oversaw the provision of Notice to the proposed Settlement Class and monitored the work of the Claims Administrator; and (p) prepared a motion for final approval of the Settlement.

4.     The chart below summarizes the hours, rate, and lodestar of each Rosen Law attorney and professional staff who worked on this matter, through March 4, 2026, and the lodestar calculation for those individuals based on their hourly rate at the time the work was performed. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by Rosen Law. The hourly rates reflect Rosen Law's current hourly rates, support for which is provided in the accompanying memorandum of law. The firm's rates are set based on periodic analysis of rates used by firms performing comparable work and that have been approved by courts. Different timekeepers within the same employment category (*e.g.*, partners, counsel, associates) may have different rates based on a variety of factors, including years of practice, years at the firm, year in the current position, relevant experience, relative expertise, and the rates of similarly experienced peers at our firm or other firms.

5.     I have reviewed these time and expense records to prepare this declaration. The purpose of this review was to confirm both the accuracy of the time entries and expenses and the necessity for, and reasonableness of, the time and expenses committed to the litigation. I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment will be sought, as stated in this Declaration, are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation.

DECLARATION OF LAURENCE M. ROSEN; Case No. 3:25-cv-113-JO-DDL

6.    The total number of hours spent on the litigation of this Action by my firm through March 4, 2026 is 370.23. The total lodestar amount for the firm based on the firm's current rates is $439,953.90. My firm's lodestar figures are based upon the firm's hourly rates, which do not include costs for expense items. A breakdown of the lodestar is set forth in the chart below:

| TOTAL HOURS AND LODESTAR | | | |
| --- | --- | --- | --- |
| **Name and Position** | **Total Hours** | **Hourly Rate** | **Total Lodestar** |
| Phillip Kim (P) | 58.40 | $1,550 | $90,520.00 |
| Joshua Baker (P) | 225.60 | $1,270 | $286,512.00 |
| Eric Bi (A) | 79.88 | $730 | $58,312.40 |
| Ryan Hedrick (A) | 0.90 | $850 | $765.00 |
| Christie Buzzetti (A) | 0.60 | $730 | $438.00 |
| Ian McDowell (A) | 3.25 | $730 | $2,372.50 |
| Olivia Simkins (A) | 0.20 | $730 | $146.00 |
| Yitzchok Fishbach (A) | 1.00 | $730 | $730.00 |
| Eduardo Texidor (PL) | 0.40 | $395 | $158.00 |
| **Total:** | **370.23** | | **$439,953.90** |

(P) - Partner; (C) – Counsel; (A) – Associate; (PL) - Paralegal

7.    My firm incurred a total of $59,529.07 in unreimbursed expenses in connection with the prosecution of this litigation. They are broken down as follows:

| TOTAL EXPENSES | |
| --- | --- |
| **Category** | **Amount** |
| Investigator Fees | $18,034.50 |
| Online Legal Research, Document Retrieval, and Hosting Fees | $604.68 |
| *Pro Hac Vice* Fees | $448.00 |
| Financial Expert Fees | $5,400.00 |
| Court Reporter Transcript Fees | $235.80 |
| Mediation Fees | $11,625.00 |
| Press Releases and Notice to Class Members Fees | $16,952.00 |
| Travel, Transportation, Hotels, and Meals Fees | $6,229.09 |

4

DECLARATION OF LAURENCE M. ROSEN; Case No. 3:25-cv-113-JO-DDL

| TOTAL EXPENSES | $59,529.07 |
|---|---|

8.    The expenses incurred are reflected in the books and records contemporaneously prepared by the firm. These books and records are prepared from expense vouchers, invoices, and other billing records, and are an accurate record of the expenses incurred. I have reviewed the expenses for which reimbursement is sought and confirmed that they were reasonably necessary for the effective and efficient prosecution and resolution of the litigation and reasonable in amount. The expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

9.    My firm's compensation for services rendered and out-of-pocket expenses incurred in this case was and is entirely contingent on the success of the prosecution of the Action, and on the Court's approval of the fee and expense application. None of the attorneys' fees and expenses submitted to this Court has been paid from any source or has been the subject of any prior request or prior award in any litigation or other proceeding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct.

Dated: March 5, 2026

/s/Laurence M. Rosen
Laurence M. Rosen

5

DECLARATION OF LAURENCE M. ROSEN; Case No. 3:25-cv-113-JO-DDL