# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASFA KASSAM, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FLUX POWER HOLDINGS, INC., RONALD F. DUTT, and CHARLES A. SCHEIWE,<br><br>Defendants. | No. 3:25-cv-113-JO-DDL<br><br>CLASS ACTION<br><br>Hon. Jinsook Ohta |

**DECLARATION OF MARION C. PASSMORE**

1

I, Marion C. Passmore, declare as follows:

1.      I am a partner with the firm Bragar Eagel & Squire P.C. ("BES"), additional counsel for Plaintiffs in this Action.[1] I am an attorney duly licensed to practice law in California and before this Court. I submit this Declaration in support of Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses incurred by Plaintiffs' Counsel in connection with services rendered in this Action. I have personal knowledge of the facts asserted herein.

2.      A copy of BES's résumé is attached to the Declaration of Joshua Baker as Exhibit 7.

3.      BES has been involved in this Action since December 2024. BES has rendered the following legal services in connection with the prosecution of this Action: (a) conducted a factual investigation, which included the review of publicly available documents about Flux Power Holdings, Inc. ("Flux Power") and the individual defendants; (b) filed a motion for appointment of lead plaintiff and lead counsel; (c) coordinated with Lead Counsel throughout the litigation; (d) assisted Lead Counsel in researching and drafting the Amended Complaint on behalf of Plaintiffs; (e) reviewed Defendants' two motions to dismiss the Amended Complaint; (f) participated in a mediation with Robert A. Meyer of JAMS, including assisting Lead Counsel in drafting a detailed mediation statement and reviewing Defendants' mediation statement; (g) assisted Lead Counsel in negotiating the terms of the Settlement and moving for preliminary approval of the Settlement; and (h) assisted Lead Counsel in preparing final approval and related motions.

[1] All capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation of Settlement dated August 27, 2025 (Dkt. No. 60-1) ("Stipulation").

2

DECLARATION OF MARION C. PASSMORE; Case No. 3:25-cv-113-JO-DDL

4.    The chart below summarizes the hours, rate, and lodestar of each BES attorney and professional staff who worked on this matter, through March 1, 2026, and the lodestar calculation for those individuals based on their hourly rate at the time the work was performed. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by BES. The hourly rates reflect BES's current hourly rates, support for which is provided in the accompanying memorandum of law. The firm's rates are set based on periodic analysis of rates used by firms performing comparable work and that have been approved by courts. Different timekeepers within the same employment category (*e.g.*, partners, counsel, associates) may have different rates based on a variety of factors, including years of practice, years at the firm, year in the current position, relevant experience, relative expertise, and the rates of similarly experienced peers at our firm or other firms.

5.    I have reviewed these time and expense records to prepare this declaration. The purpose of this review was to confirm both the accuracy of the time entries and expenses and the necessity for, and reasonableness of, the time and expenses committed to the litigation. I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment will be sought, as stated in this Declaration, are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation.

6.    The total number of hours spent on the litigation of this Action by BES through March 1, 2026 is 275.25. The total lodestar amount for the firm based on the firm's current rates is $252,781.25. BES's lodestar figures are based upon the firm's hourly rates, which do not include costs for expense items. A breakdown of the lodestar is set forth in the chart below:

3

| TOTAL HOURS AND LODESTAR | | | |
|---|---|---|---|
| **Name and Position** | **Total Hours** | **Hourly Rate** | **Total Lodestar** |
| Lawrence P. Eagel (P) | 22.0 | $1,200 | $26,400.00 |
| Brandon Walker (P) | 32.75 | $1,200 | $39,300.00 |
| Melissa A. Fortunato (P) | 27.25 | $1,125 | $30,656.25 |
| Marion C. Passmore (P) | 120.75 | $1,050 | $126,787.50 |
| Dena Bielasz (PL) | 24.5 | $425 | $10,412.50 |
| Anthony Bowling (PL) | 41.5 | $400 | $16,600.00 |
| Anna Hoffman (PL) | 7.0 | $375 | $2,625.00 |
| **Total:** | **275.25** | | **$252,781.25** |

(P) - Partner; (C) – Counsel; (A) – Associate; (PL) - Paralegal

7. BES incurred a total of $6,375.00 in unreimbursed expenses in connection with the prosecution of this litigation. They are broken down as follows:

| TOTAL EXPENSES | |
|---|---|
| **Category** | **Amount** |
| Nevada Local Counsel Fees for Lead Plaintiff Filings | $2,500.00 |
| Mediation Fees | $3,875.00 |
| **TOTAL EXPENSES** | **$6,375.00** |

8. The expenses incurred are reflected in the books and records contemporaneously prepared by the firm. These books and records are prepared from expense vouchers, invoices, and other billing records, and are an accurate record of the expenses incurred. I have reviewed the expenses for which reimbursement is sought and confirmed that they were reasonably necessary for the effective and efficient prosecution and resolution of the litigation and reasonable in amount. The expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

9. BES's compensation for services rendered and out-of-pocket expenses incurred in this case was and is entirely contingent on the success of the prosecution of the Action, and on the Court's approval of the fee and expense application. None

4

of the attorneys' fees and expenses submitted to this Court has been paid from any source or has been the subject of any prior request or prior award in any litigation or other proceeding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct.

Dated: March 3, 2026

/s/Marion C. Passmore
Marion C. Passmore

5

DECLARATION OF MARION C. PASSMORE; Case No. 3:25-cv-113-JO-DDL