# EXHIBIT 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASFA KASSAM, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FLUX POWER HOLDINGS, INC., RONALD F. DUTT, and CHARLES A. SCHEIWE,<br><br>Defendants. | No. 3:25-cv-113-JO-DDL<br><br>CLASS ACTION<br><br>Hon. Jinsook Ohta |

## DECLARATION OF ROBERT A. MEYER

1

I, Robert A. Meyer, declare as follows:

1.    I am submitting this declaration in my capacity as the independent mediator of the above-captioned Action.[1] I have been asked to provide this declaration to give my views on the mediation process that culminated in the proposed Settlement that will be presented to the Court for final approval. As set forth herein, I submit this declaration in support of Plaintiffs' motion for final approval of the Settlement. I have personal knowledge of the matters set forth herein as I was directly involved in mediating the Action, and I could and would testify competently to these matters.

2.    At my request, the Parties' settlement negotiations in this Action were conducted in confidence and under my supervision. All of the parties, entities, and individuals who participated at the mediation sessions and in the negotiations executed a Confidentiality Agreement indicating that the mediation process was to be considered settlement negotiations for the purpose of Rule 408 of the Federal Rules of Evidence protecting disclosures made during such process from later discovery, dissemination, publication and/or use in evidence. The Parties further agreed that the Confidentiality Agreement extends to all statements made during the course of the mediation or any materials generated for the purpose of the mediation. Nothing in this declaration divulges any privileged information. The submission of this declaration does not constitute the waiver of any such confidentiality or mediation privilege.

[1] All capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Stipulation of Settlement dated August 27, 2025 (Dkt. No. 60-1) ("Stipulation").

2

## PROFESSIONAL BACKGROUND

3.     I have been a full-time mediator for approximately twenty years. I am a panelist at JAMS. Prior to my time as a full-time neutral, I was a commercial litigator for over forty years.

4.     Since serving as a neutral, I have extensive experience guiding parties to the settlement of many different types of complex class actions, including securities fraud and derivative cases pending throughout the country.

5.     I provide my professional background as context for the statements in my declaration and to establish that my perspective on the settlement of this Action is grounded in my significant experience in resolving complex litigation.

## NEGOTIATIONS RESULTING IN THE SETTLEMENT

6.     The mediation process in this case, like the litigation itself, was hard fought on both sides. I have no doubt that the Settlement is the result of hard-fought, arm's-length negotiations among the Parties, and I believe final approval of the Settlement to be in the best interests of the Settlement Class, as discussed herein.

7.     The Parties and I participated in a full-day remote mediation session on July 11, 2025. Prior to the mediation session, the Parties exchanged and provided me with extensive mediation submissions, including briefs and exhibits, discussing the procedural and factual status of the litigation, the relevant case filings and other exhibits in support of their respective positions, as well as analysis of estimated aggregate damages and the various legal issues in the action. Members of my mediation support team, which includes other experienced attorneys at my firm, also assisted me in analyzing the legal and factual issues in this matter and facilitating the Parties' negotiations.

8.     I found the discussions with the Parties during the mediation session to be extremely valuable in helping me—and the Parties—to understand the relative merits of each Party's position in the Action, and to identify the issues that were

3

likely to serve as the primary drivers and obstacles to achieving a settlement. Plaintiffs' Counsel and Defendants' Counsel each argued vigorously in support of their clients' positions. It was apparent to me that both sides possessed well-reasoned, non-frivolous arguments, that their views on the merits and value of the case diverged drastically, and that neither side was assured of victory. While I am bound by confidentiality with regard to the content of the Parties' discussions and negotiations during this mediation session, I can say that the arguments and positions asserted by all involved were the product of much hard work, that they were complex, and that they were highly adversarial.

9. After a full day of adversarial negotiations, I made a double-blind mediator's proposal to resolve the Action for a $1.75 million cash payment for the benefit of the putative class, which the Parties accepted. Without discussing specifics of the negotiations, the mediator's proposal reflected my assessment that $1.75 million was the most that Defendants would pay and the least that the Plaintiffs would accept to settle the Action at that time, and that it was fair, reasonable, and in the best interests of Plaintiffs and the putative class.

10. The Parties negotiated and executed a term sheet that day. The Parties then negotiated the terms of the long-form Stipulation and related documents.

11. At all times, the discussions and negotiations at the mediation were conducted in a diligent and conscientious manner. Counsel for all Parties demonstrated their deep understanding of the factual and legal issues in this Action, the relative strengths and weaknesses of their positions, and the significant risks of continued litigation. The negotiations were at arms'-length, conducted in good faith, and each Parties' interests were skillfully represented. The mediation of this Action was hard fought on both sides. While they were courteous and professional, at no time during the mediation process did any of the Parties' counsel relent in

4

DECLARATION OF ROBERT A. MEYER; Case No. 3:25-cv-113-JO-DDL

their advocacy for their clients' benefit and in their efforts to achieve the best possible resolution of this Action.

12.    After presiding over the mediation process in this case, it is my professional opinion that the Settlement is the product of vigorous and independent advocacy and arm's-length negotiation conducted in good faith by the Parties. The Parties were represented by highly skilled and experienced counsel who were extremely knowledgeable and clearly had spent a considerable amount of time developing the law and facts in this complex litigation. I believe the Settlement reflects Lead Counsel's well-informed assessment of the best interests of the Plaintiffs and the Settlement Class.

13.    Based on my experience as a mediator, and former litigator, my knowledge of the issues in dispute, my review of the materials presented before and at both mediation sessions, the rigor of the negotiations, and the benefits to be conferred in the Settlement, I believe that the terms of the Settlement are fair, adequate, reasonable and in the best interests of the Settlement Class. Therefore, I respectfully endorse final approval of the Settlement by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct.

Dated: February ___, 2026

Robert. A. Meyer

DECLARATION OF ROBERT A. MEYER; Case No. 3:25-cv-113-JO-DDL