Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs*

[*Additional Counsel on Signature Page*]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASFA KASSAM, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FLUX POWER HOLDINGS, INC., RONALD F. DUTT, and CHARLES A. SCHEIWE,<br><br>Defendants. | No. 3:25-cv-113-JO-DDL<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF (1) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARDS TO PLAINTIFFS**<br><br><u>CLASS ACTION</u><br><br>Date:  April 2, 2026<br>Time: 9:30 a.m.<br>Courtroom: 4C<br>Judge: Hon. Jinsook Ohta |

Lead Plaintiff Brandon Paulson and named Plaintiff Thomas Frank Clark (collectively, "Plaintiffs"), and Lead Counsel, The Rosen Law Firm, P.A., submit this reply memorandum in further support of (i) Plaintiffs' motion for final approval of the proposed Settlement and Plan of Allocation and final certification of the proposed Settlement Class (Dkt. No. 70); and (ii) Lead Counsel's Motion for an award of attorneys' fees, reimbursement of expenses, and awards to Plaintiffs (Dkt. No. 71) (together, the "Motions").[1]

## I.   INTRODUCTION

Pursuant to the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 68; "Preliminary Approval Order"), the Court-appointed Claims Administrator, Strategic Claims Services ("SCS") disseminated approximately 18,981 copies of the Court-approved Postcard Notice, or email links to the Notice and Claim Form, to potential Settlement Class Members and the largest brokerage firms, banks, institutions, and other nominees. Craig Suppl. Decl. ¶4.  In addition, SCS (i) published the Summary Notice in *Investor's Business Daily* and transmitted it over *GlobeNewswire* on January 19, 2026, (ii) created a Settlement-specific website including links to the Notice, Proof of Claim form, Stipulation, Preliminary Approval Order, and the Complaint, among other important case-related documents; and (iii) maintained a toll-free telephone number for potential Settlement Class Members.  *See* Dkt. No. 70-3 (Declaration of Margery Craig ("Craig Decl.")) ¶¶10-12, & Ex. D.  The Postcard Notice, Notice, Summary Notice, and Settlement website informed Settlement Class Members of the March

---

[1] All capitalized terms, unless otherwise defined herein, have the meanings set forth in the Stipulation of Settlement dated August 27, 2025 ("Stipulation"; Dkt. No. 60-1), or the Declaration of Joshua Baker (Dkt. No. 70-2, "Baker Decl."). Internal citations and quotations are omitted and emphasis is added unless otherwise noted. Citations to "Craig Suppl. Decl." are to the Supplemental Declaration of Margery Craig, attached as Exhibit 1 hereto.

REPLY MEMORANDUM IN SUPPORT OF MOTIONS FOR FINAL APPROVAL OF SETTLEMENT AND ATTORNEYS' FEES; No. 3:25-cv-113-JO-DDL

12, 2026 deadline to: (i) submit an objection to the Settlement, Plan of Allocation, and/or Fee and Expense Application; or (ii) request exclusion from the Settlement Class. *See id.* ¶¶10-14 and Exs. A, C, and D.

On March 5, 2026, Plaintiffs and Lead Counsel filed their opening papers in support of their Motions. Dkt. Nos. 70-71. The Motions are supported by the declarations of Plaintiffs, Lead Counsel, the Claims Administrator, and the mediator. *See* Baker Decl., Exs. 2-5, 8.

The March 3, 2026 claims filing deadline and the March 12, 2026 deadline for objections and requests for exclusion have each passed. To date, potential Settlement Class Members have submitted 3,466 claims. Craig Suppl. Decl. ¶11. There have been no objections to the Settlement or to either of the Motions. *Id.* ¶9. SCS has received only one request for exclusion from the Settlement from a Settlement Class Member. *Id.* ¶8.

The Settlement is conditioned on the entry of the [Proposed] Order and Final Judgment. *See* Stipulation ¶10.5(b) and Ex. B. A conformed version of the [Proposed] Order and Final Judgment, which incorporates the relevant dates and the one request for exclusion, is submitted concurrently herewith—via email, pursuant to the Court's Civil Chambers Rules § II(B)—along with a proposed order granting Lead Counsel's Fee and Expense Application.

## II.    ARGUMENT

### A.    The Positive Reaction of the Settlement Class Supports Approval of the Settlement and the Plan of Allocation

In this Circuit, "the reaction of the class members to the proposed settlement" is one of the factors to consider in analyzing whether a settlement is fair, reasonable, and adequate. *See, e.g.*, *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (same). "The absence of a single objection to the Proposed Settlement provides further support for final approval of the Proposed Settlement." *Nat'l Rural Telecomms*

*Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members"); *see also Ching v. Siemens Indus., Inc.*, 2014 WL 2926210, at *6 (N.D. Cal. June 27, 2014) ("the Court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it.").

Likewise, the absence of any valid requests for exclusion from the Settlement further demonstrates the Settlement Class's positive reaction to the Settlement and supports final approval. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming settlement with 0.56% of eligible class members requesting exclusion); *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 2013 WL 6577020, at *16 (C.D. Cal. Dec. 5, 2013) (69 exclusion requests in response to mailing of over 50,000 notices supports settlement); *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 852 (N.D. Cal. 2010) ("overwhelming positive reaction of the class members" including 16 exclusion request representing 4.86% of class supports settlements' approval.); *Destefano v. Zynga, Inc.*, 2016 WL 537946, at *14 (N.D. Cal. Feb. 11, 2016) (16 valid exclusion requests representing 0.176% of public shares, supported settlement approval).

Here, the lack of a single objection and only one request for exclusion demonstrates that the proposed Settlement is fundamentally fair, reasonable, and adequate. *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 2021 WL 5632673, at *7 (S.D. Cal. Nov. 30, 2021) ("Considering the number of Notice Packets mailed to potential Class Members and the fact that zero objections have been filed, the Court finds that the reaction of the Class Members to the Settlement weighs in favor of approving the Settlement."); *In re Apollo Grp. Inc. Sec. Litig.*, 2012 WL 1378677, at *3 (D. Ariz. Apr. 20, 2012) ("There have been no objections from Class Members

REPLY MEMORANDUM IN SUPPORT OF MOTIONS FOR FINAL APPROVAL OF SETTLEMENT AND ATTORNEYS' FEES; No. 3:25-cv-113-JO-DDL

or potential class members, which itself is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate."); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement.").[2]

Moreover, the fact that no institutional investors or other large shareholders have objected to the proposed Settlement further underscores its reasonableness. *See, e.g.*, *In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at *9 (N.D. Cal. July 22, 2019) ("Many potential class members are sophisticated institutional investors; the lack of objections from such institutions indicates that the settlement is fair and reasonable."); *In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 156 (S.D.N.Y. 2013) (finding "class's reaction weighs heavily in favor of approval" where "not one of the objections or requests for exclusion was submitted by an institutional investor.").

Settlement Class Members' affirmative participation in the Settlement by submitting claims also indicates a positive reaction to the Settlement. The claims filing deadline was March 3, 2026, and to date, approximately 3,466 claims have been submitted by potential Settlement Class Members seeking to participate in the Settlement. Craig Suppl. Decl. ¶11.[3]

## B.    The Favorable Reaction of the Settlement Class Supports Approval of the Plan of Allocation

The favorable reaction of the Settlement Class also supports approval of the Plan of Allocation. *See In re Heritage Bond Litig.*, 2005 WL 1594403, at *12 (C.D.

---

[2] "[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).

[3] Once the claims administration process is complete, SCS will submit a declaration in connection with Plaintiffs' anticipated motion for a Class Distribution Order, which will set forth the final accepted and rejected claim numbers.

REPLY MEMORANDUM IN SUPPORT OF MOTIONS FOR FINAL APPROVAL OF SETTLEMENT AND ATTORNEYS' FEES; No. 3:25-cv-113-JO-DDL

Cal. June 10, 2005) ("In light of the lack of objectors to the plan of allocation at issue, and the competence, expertise, and zeal of counsel in bringing and defending this action, the Court finds the plan of allocation as fair and adequate."); *Mauss v. NuVasive, Inc.*, 2018 WL 6421623, at \*4 (S.D. Cal. Dec. 6, 2018) (concluding that the proposed plan of allocation was fair and reasonable after noting "[t]he Plan of Allocation was described in detail in the notice and no class member objected."); *Khoja*, 2021 WL 5632673, at \*8 ("Further lending support to this conclusion [that the plan of allocation is fair, reasonable, and adequate] is the fact that zero Class Members have requested exclusion from or filed objections to the Settlement.").

### C.    The Favorable Reaction of the Settlement Class Supports Approval of the Fee and Expense Application

Finally, the reaction of the Settlement Class should be considered with respect to Lead Counsel's motion for an award of attorneys' fees, reimbursement of expenses, and awards to Plaintiffs. *See In re Stable Road Acquisition Corp. Sec. Litig.*, 2024 WL 3643393, at \*14 (C.D. Cal. Apr. 23, 2024) ("the existence or absence of objectors to the requested attorneys' fee is a factor is determining the appropriate fee award."); *Omnivision*, 559 F. Supp. 2d at 1048 ("The reaction of the class may also be a determining factor in … determining the fee award.").

Here, the absence of any objections from Settlement Class Members to the Fee and Expense Application supports a finding that the requests are fair and reasonable. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. May 31, 2007) ("the lack of objection from any Class Member supports the attorneys' fees award."); *Khoja*, 2021 WL 5632673, at \*9-11 ("the reasonableness of Lead Counsel's fee request is bolstered by the reaction of the Settlement Class and the fact that not a single Class Member has objected," finding lack of objections supported requests for attorneys' fees, reimbursement of expenses, and award to plaintiff); *Nunez v. BAE Sys. San Diego Ship Repair Inc.*, 292 F. Supp. 3d 1018, 1056 (S.D. Cal. 2017) (citing *Singer v. Becton Dickinson & Co.*, 2010 WL

2196104, at *9 (S.D. Cal. June 1, 2010) (noting that the fee request of one-third of settlement fund was "especially" warranted "in light of the fact that not a single class member objected to" the request)); *Tan v. Quick Box, LLC*, 2025 WL 1837737, at *6 (S.D. Cal. July 3, 2025) (lack of objections to request for one-third of settlement as attorneys' fees supported request); *Ziegler v. GW Pharmaceuticals, PLC*, 2024 WL 1470532, at *10 (S.D. Cal. Apr. 3, 2024) (same); *Ali v. Franklin Wireless Corp.*, 2024 WL 5179910, at *17 (S.D. Cal. Dec. 19, 2024) (awarding lead plaintiff $7,500 from the settlement fund in securities class action "[c]onsidering ... the lack of objections"); *In re ImmunityBio, Inc. Sec. Litig.*, 2025 WL 1686263 , at *16 (S.D. Cal. June 16, 2025) ("the lack of any objections to the proposed [$10,000] award to Lead Plaintiff also supports the reasonableness of the award"). The lack of requests for exclusion from Settlement Class Members further demonstrates the positive reaction of the Settlement Class and thus supports awarding the requested fee and expense amounts. *See Chun-Hoon*, 716 F. Supp. 2d at 852. Accordingly, the Settlement Class's overwhelmingly positive reaction strongly supports the fairness and reasonableness of these requests.

## III.    CONCLUSION

For the foregoing reasons, and those set forth in Plaintiffs' and Lead Counsel's opening memoranda, the Court should grant the Motions, approve the Settlement and Plan of Allocation as fair, reasonable, and adequate, award attorneys' fees to Lead Counsel in the amount of one-third of the Settlement Fund, plus Plaintiffs' Counsel's out-of-pocket expenses in the amount of $65,904.07, and award $7,500 each to Plaintiffs for their time spent representing the Settlement Class.

Respectfully submitted,

Dated: March 26, 2026                    **THE ROSEN LAW FIRM, P.A.**

By: */s/Joshua Baker*

Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226 4684
Email: lrosen@rosenlegal.com

Phillip Kim (*pro hac vice*)
Joshua Baker (*pro hac vice*)
275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: philkim@rosenlegal.com
Email: jbaker@rosenlegal.com

*Lead Counsel for Plaintiffs and the Settlement Class*

**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato (SBN 319767)
fortunato@bespc.com
Marion C. Passmore (SBN 228474)
passmore@bespc.com
515 South Flower Street, Suite 1800
Los Angeles, California 90071
Telephone: (213) 612-7735
Facsimile: (212) 214-0506

*Additional Counsel for Plaintiff Thomas Frank Clark*

REPLY MEMORANDUM IN SUPPORT OF MOTIONS FOR FINAL APPROVAL OF SETTLEMENT AND ATTORNEYS' FEES; No. 3:25-cv-113-JO-DDL